CZOSEK ET AL. *v.* O'MARA ET AL.

No. 234.   Argued January 13, 1970—Decided February 24, 1970

*Richard R. Lyman* argued the cause for petitioners. With him on the brief was *Clarence M. Mulholland.*

*James P. Shea* argued the cause for respondents O'Mara et al. On the brief was *William B. Mahoney.* *Richard F. Griffin* argued the cause for respondent Erie Lackawanna Railroad Co. With him on the brief were *Thomas G. Rickert* and *Courtland R. LaVallee.*

MR. JUSTICE WHITE delivered the opinion of the Court.

In 1960, the corporate respondent, Erie Lackawanna Railroad Company, was formed by the merger of the Erie Railroad and the Delaware, Lackawanna & Western Railroad. Thereafter, the individual respondents, former employees of the Delaware Lackawanna, continued as employees of the Erie Lackawanna until 1962, when they were furloughed; after the 1962 furlough, the respondent employees were never recalled by the railroad. Deeming the furlough a final discharge, the individual respondents brought suit in the District Court for the Western District of New York against the Erie Lackawanna and against the International Brotherhood of Firemen and Oilers, subordinate organizations within the union, and local and national officers of the union. The allegations were that the railroad had wrongfully discharged the plaintiffs in violation of § 5 *et seq.* of the Interstate Commerce Act, 24 Stat. 380, as amended, 49 U. S. C. § 5 *et seq.,* the Railway Labor Act, 44 Stat. 577, as amended, 45 U. S. C. § 151 *et seq.,* and the agreement between the Erie Lackawanna and its employees entered into to implement the 1960 merger of the Erie and the Delaware Lackawanna; and that the union defendants had been "guilty of gross nonfeasance and hostile discrimination" in arbitrarily and capriciously refusing to process the claims of plaintiffs, who had "been replaced by 'pre-merger' employees of the Erie Railroad." Damages in the sum of $160,000 were sought against the railroad, the union defendants, or both. The District Court

dismissed the complaint against the railroad for failure to exhaust administrative remedies under the Railway Labor Act and for lack of diversity jurisdiction; the court dismissed the complaint against the union because the complaint failed adequately to allege a breach of duty and because the employees could have processed their own grievances.

On appeal, the Court of Appeals for the Second Circuit reversed the District Court's decision with respect to the action against the union defendants. *O'Mara* v. *Erie Lackawanna R. Co.*, 407 F. 2d 674 (1969). The Court of Appeals held that the complaint was adequate to allege a breach by the union of its duty of fair representation subject to vindication in the District Court without resort to administrative remedies. Dismissal of the complaint against the railroad was affirmed; but on remand the individual respondents were to be granted leave to maintain their action against the railroad if they should choose to amend their complaint to allege that the employer was somehow implicated in the union's discrimination.

We granted certiorari, 396 U. S. 814 (1969), and we affirm the judgment of the Court of Appeals. Although the complaint was not as specific with regard to union discrimination as might have been desirable, we deem the complaint against the union sufficient to survive a motion to dismiss. As the Court of Appeals indicated, "where the courts are called upon to fulfill their role as the primary guardians of the duty of fair representation," complaints should be construed to avoid dismissals and the plaintiff at the very least "should be given the opportunity to file supplemental pleadings unless it appears 'beyond doubt' that he cannot state a good cause of action." 407 F. 2d, at 679. See *Conley* v. *Gibson,* 355 U. S. 41, 45–46 (1957). And surely it is

beyond cavil that a suit against the union for breach of its duty of fair representation is not within the jurisdiction of the National Railroad Adjustment Board or subject to the ordinary rule that administrative remedies should be exhausted before resort to the courts. *Glover v. St. Louis-S. F. R. Co.*, 393 U. S. 324 (1969); *Conley v. Gibson, supra.* The claim against the union defendants for the breach of their duty of fair representation is a discrete claim quite apart from the right of individual employees expressly extended to them under the Railway Labor Act to pursue their employer before the Adjustment Board.[1]

Neither the individual respondents nor the railroad sought review here of the Court of Appeals' judgment insofar as it sustained the dismissal of the complaint against the railroad absent allegations implicating the railroad in the union's claimed breach of duty. The petitioning union defendants, however, challenge this aspect of the Court of Appeals' decision, insisting that they may not be sued alone for breach of duty when the damage to employees had its roots in their discharge by the railroad prior to the union's alleged refusal to process grievances. Apparently fearing that if sued alone they may be forced to pay damages for which the

---

[1] Section 3 First (i) of the Railway Labor Act, 45 U. S. C. § 153 First (i), authorizes reference to the Adjustment Board of disputes "between an employee or group of employees and a carrier or carriers growing out of grievances or out of the interpretation or application of agreements concerning rates of pay, rules, or working conditions . . . ." Section 3 First (j) of the Act, 45 U. S. C. § 153 First (j), provides that "[p]arties may be heard either in person, by counsel, or by other representatives, as they may respectively elect . . . ." The individual employee's rights to participate in the processing of his grievances "are statutory rights, which he may exercise independently or authorize the union to exercise in his behalf." *Elgin, J. & E. R. Co.* v. *Burley*, 325 U. S. 711, 740 n. 39 (1945), adhered to on rehearing, 327 U. S. 661 (1946).

employer is wholly or partly responsible, the petitioners claim error in the Court of Appeals' affirmance of the dismissal of the suit against the railroad. These fears are groundless. The Court of Appeals permitted the railroad to be made a party to the suit if it is properly alleged that the discharge was a consequence of the union's discriminatory conduct or that the employer was in any other way implicated in the union's alleged discriminatory action.[2] If these allegations are not made and the employer is not a party defendant, judgment against petitioners can in any event be had only for those damages that flowed from their own conduct.[3] Assuming a wrongful discharge by the employer independent of any discriminatory conduct by the union and a subsequent discriminatory refusal by the union to process grievances based on the discharge, damages against the union for loss of employment are unrecoverable except to the extent that its refusal to handle the grievances added to the difficulty and expense of collecting from the employer. If both the union and the employer have independently caused damage to employees, the union cannot complain if separate actions are brought against it and the employer for the portion of the total damages caused by each.

Since the petitioning union defendants will not be materially prejudiced by the possible absence of the respondent railroad as a codefendant at trial and since neither the railroad nor the aggrieved employees sought review of the Court of Appeals' judgment, we have no occasion to consider whether under federal law, which

---

[2] See *Glover* v. *St. Louis-S. F. R. Co.*, 393 U. S. 324 (1969); *Cunningham* v. *Erie R. Co.*, 266 F. 2d 411 (C. A. 2d Cir. 1959); *Richardson* v. *Texas & N. O. R. Co.*, 242 F. 2d 230 (C. A. 5th Cir. 1957). See also *Ferro* v. *Railway Express Agency, Inc.*, 296 F. 2d 847 (C. A. 2d Cir. 1961).

[3] See *Vaca* v. *Sipes*, 386 U. S. 171, 196–198 (1967).

governs in cases like these, the employer may always be sued with the union when a single series of events gives rise to claims against the employer for breach of contract and against the union for breach of the duty of fair representation or whether, as the Court of Appeals held, when there are no allegations tying union and employer together, the union is suable in the District Court for breach of duty but resort must be had to the Adjustment Board for a remedy against the employer.

*Affirmed.*

THE CHIEF JUSTICE would dismiss the writ of certiorari as improvidently granted.