**Adam J. WESTERMAYER et al.,**
**Plaintiffs-Respondents,**

v.

**The PULLMAN COMPANY, a corporation, Defendant-Petitioner.**

**No. 71 C 225(4).**

United States District Court,
E. D. Missouri, E. D.

Aug. 17, 1971.

James P. Holloran, Sommers, Montrey & Holloran, St. Louis, Mo., for plaintiffs.

James M. Douglas, John O. Hichew and Lawrence E. Young Thompson, Mitchell, Douglas, Neill & Guerri, St. Louis, Mo., for defendant.

## MEMORANDUM

WANGELIN, District Judge.

This matter is before the Court on defendant's motion to quash service of summons or to dismiss. This action was commenced by plaintiffs as representatives of a certain class of employees of the defendant, a "carrier" engaged in commerce within the definition of the Railway Labor Act, 45 U.S.C. § 151 et seq. Plaintiffs allege that an agreement entered into by the defendant and labor organizations of which plaintiffs are or were members violated § 152 of the Act in that the agreement discriminates against plaintiffs with respect to severance pay. Plaintiffs pray that the agreement be nullified and that the defendant be ordered to pay the plaintiffs the severance pay allegedly owing.

The factual background of this case as alleged by plaintiff is that on July 19, 1966, the defendant and the unions representing the plaintiffs entered into an agreement providing for separation allowances to members of the unions who were furloughed for particular reasons. On November 4, 1968, each union sent to its members working for defendant an official circular and strike ballot stating that if Pullman refused to accept an amendment to the July 19, 1966 agreement to the effect that all employees who were in service as of October 17, 1968, will, if furloughed, be entitled to a separation allowance in accordance with a certain schedule, and if a majority of the members vote in favor of a strike, then each union member would strike when authority to do so was given. Plaintiffs allege that a majority of the union members voted to strike and that Pullman refused to accept the amendment. Plaintiffs allege, however, that plaintiffs thought such amendment was adopted inasmuch as they were told that the agreement was being worked out and no strike was necessary. Prior to January 1, 1969, plaintiffs were furloughed. Thereafter plaintiffs were notified that the amendment to the 1966 agreement had been amended to the effect that all employees who were in active service on January 16, 1969, will, if furloughed, be entitled to a separation allowance as provided.

Plaintiffs contend that the defendant did not bargain fairly, and that the unions were not representing the wishes of the majority of their members in changing the crucial date from October 17, 1968, to January 16, 1969, which fact was known to the defendant at the time the amendment was agreed to.

At the outset the Court notes that plaintiffs have not alleged exhaustion of administrative remedies. In fact, plaintiffs contend that they need not exhaust administrative remedies. Plaintiffs state that a railroad employee need not exhaust administrative remedies in a suit for damages for wrongful discharge, and that the instant suit is tantamount to a suit for wrongful discharge because plaintiffs consider themselves to be finally discharged and seek damages only, and not reinstatement.

In addition plaintiffs allege that any adjustment board which might hear this dispute would be made up of members whom plaintiffs allege violated the statute and could not hear the dispute without prejudice and partiality.

The Railway Labor Act provides for administrative remedies before the National Railroad Adjustment Board which are designed to deal with disputes of

the type presented here. 45 U.S.C. § 153, First (i).

Plaintiffs state that a railroad employee need not exhaust his administrative remedies before suing for damages for wrongful discharge. While that contention is doubtful, see, e. g., Andrews v. Louisville & Nashville Railroad Company, 441 F.2d 1222 (5th Cir. 1971), the cause of action pleaded by plaintiffs is not based upon wrongful discharge and no such discharge is alleged.

Plaintiffs have not exhausted available administrative remedies and this Court is, therefore, without jurisdiction. O'Mara v. Erie Lackawanna R. Co., 407 F.2d 674 (2nd Cir. 1969) aff'd Czosek v. O'Mara, 397 U.S. 25, 90 S.Ct. 770, 25 L.Ed.2d 21 (1970); and see, also, Bremer v. St. Louis S. W. R. R. Co., 310 F. Supp. 1333 (E.D.Mo.1967).

Nor is jurisdiction conferred upon this Court by speculation upon the attitude or probable findings of the board. This Court will not presume prejudice or bias in a Congressionally created tribunal.

Accordingly, the complaint will be dismissed without prejudice for lack of jurisdiction.