**Emil STEFANICH, Plaintiff,**

v.

**AMERICAN MOTORS CORPORATION, a Foreign Corporation, and United Automobile Workers Union, Local 75, Defendants.**

No. 74–C–271.

United States District Court,
E. D. Wisconsin.

Dec. 22, 1975.

Eisenberg & Kletzke by Sydney M. Eisenberg, Milwaukee, Wis., for plaintiff.

Shaufler, Rothrock & Bauhs by Cecil T. Rothrock, Kenosha, Wis., for Amer. Motors.

Zubrensky, Padden, Graf & Bratt by George F. Graf, Milwaukee, Wis., for Local 75.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

The defendant United Automobile Workers Union, Local 75, has moved to dismiss this action pursuant to Rule

12(b)(6), Federal Rules of Civil Procedure. I hold that the defendant union's motion should be denied.

The plaintiff commenced this action on July 1, 1974, to recover damages from the union and his employer, American Motors Corporation, for his allegedly wrongful termination from employment on October 9, 1973. The pertinent allegations of the complaint are that the employer "wrongfully and unlawfully" terminated the plaintiff's employment; that the union maliciously "participated" in the wrongful termination, as it "consent[ed] to said termination . . . with the knowledge that such termination was contrary to the terms of the labor agreement;" that the union acted "with wanton and utter disregard for the rights of the plaintiff as to grievance arbitration;" and that together the defendants engaged in a conspiracy "to deprive plaintiff of any effective and adequate method of presenting any complaints or grievances," by utilizing "vague, uncertain and indefinite" provisions of the labor agreement in effect at the time of termination.

In moving the court to dismiss this action for failure to state a claim upon which relief can be granted, the union argues for the application of a stricter test of the pleadings than the liberal standard which is normally applied to such motions. The union contends that the application of a stricter standard of pleading in fair representation suits is mandated by the Supreme Court's ruling in *Vaca v. Sipes*, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967), and further that since factual malice is an element of the cause of action, the facts constituting such malice must be specifically alleged.

In support of this proposition, the union cites *Slagley v. Illinois Central Railroad Co.*, 397 F.2d 546 (7th Cir. 1968), a suit by a railroad employee against his employer and union for wrongful deprivation of his seniority rights. The court stated at page 552:

"The pertinent allegations of the complaint are that the O.R.C. & B compelled I.C. to deprive appellant of his seniority, that his action was 'wrongful, and unconstitutional,' 'arbitrary and capricious,' and 'constituted wrongful and unlawful discrimination toward plaintiff,' and that the action breached the collective bargaining agreement and violated the Federal and Indiana Constitutions. We find these allegations insufficient to state a claim for breach of the duty of fair representation. They are mere conclusions of law, plainly insufficient under the Federal Rules of Civil Procedure. Rule 8(a), F.R.Civ.P., 28 U.S.C.A." [Cases omitted].

Nowhere in the *Slagely* decision is there an express statement that a standard of pleading stricter than that normally imposed under the Federal Rules of Civil Procedure should obtain in cases involving the issue of a union's duty of fair representation. Nevertheless, it does appear that the court of appeals for the seventh circuit has cited its decision in *Slagely* for this proposition. In *Orphan v. Furnco Construction Corporation*, 466 F.2d 795 (7th Cir. 1972), the court expressly addressed itself to the "more rigorous view of unfair representation allegations," citing *Slagely* as a case in which this view was taken. Referring to the decision of the Supreme Court in *Czosek v. O'Mara*, 397 U.S. 25, 90 S.Ct. 770, 25 L.Ed.2d 21 (1970), the Court proceeded to overrule *Slagely*, adopting instead the position that "a more liberal attitude must now be taken as to pleadings of this nature." 466 F.2d at 803–04.

In *Williams v. General Foods Corporation*, 492 F.2d 399 (7th Cir. 1974), an employee alleged sex discrimination in employment practices by the employer and unions and claimed a denial of fair representation by the unions. The court affirmed a dismissal of the complaint, citing *Slagely*, at p. 407, for the proposition that "supporting facts showing discriminatory conduct must be stated" in a

complaint alleging a breach of a union's duty of fair representation. Thus, *Williams* cited *Slagely* even though the latter case had previously been overruled at p. 803 in *Orphan*. *Williams* also quotes, at p. 405, from *Lusk v. Eastern Products Corp.*, 427 F.2d 705, 708 (4th Cir. 1970):

> "allegations of a complaint alleging a breach of a union's duty of fair representation must contain more than conclusory statements alleging improper representation."

However, in a footnote at pp. 405–6, the court in *Williams* asserts that its dismissal of the fair representation charge is based on a "failure to allege that the Unions acted discriminatorily or in bad faith." There is an express allegation as to the union's malice in paragraph 15 of the instant complaint.

Although *Williams* is the most recent expression of the court of appeals for the seventh circuit, it is my conclusion that the allegations of the instant complaint are sufficiently specific and contain adequate allegations of malice to withstand the union's motion to dismiss.

The Supreme Court has emphasized the importance of maintaining the court as a tribunal to protect individual employees from hostile and discriminatory treatment, *Vaca v. Sipes*, supra, 386 U.S. at 181–83, 87 S.Ct. at 912–13, 17 L.Ed.2d at 852–53, and has indicated that the existence of an alternative remedy before the National Labor Relations Board will not necessarily prevent the courts from exercising jurisdiction over suits involving claims of a breach of the union's duty of fair representation. See *Motor Coach Employees v. Lockridge*, 403 U.S. 274, 299, 91 S.Ct. 1909, 1924, 29 L.Ed.2d 473, 490 (1970).

I do not find in *Vaca* any special factual pleading requirements above the usual requirement that the defendant must be given fair notice of the plaintiff's claim for relief.

> "To the contrary, all the Rules require is 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is

and the grounds upon which it rests. . . . Such simplified 'notice pleading' is made possible by the liberal opportunity for discovery and the other pretrial procedures established by the Rules to disclose more precisely the basis of both claim and defense and to define more narrowly the disputed facts and issues." *Conley v. Gibson*, 355 U.S. 41, 47–48, 78 S.Ct. 99, 103, 2 L.Ed.2d 80, 85 (1957).

In applying this test to the plaintiff's allegations, I conclude that the complaint adequately alleges a breach by the union of its duty of fair representation.

Therefore, IT IS ORDERED that the defendant union's motion to dismiss be and hereby is denied.