Lawrence A. DAVIS et al., Plaintiffs,

v.

BROTHEROOD OF RAILWAY, AIRLINE AND STEAMSHIP CLERKS, FREIGHT HANDLERS, EXPRESS AND STATION EMPLOYEES, Norfolk and Western System Board of Adjustment No. 218, Brotherhood of Railway, Airline and Steamship Clerks, Freight Handlers, Express and Station Employees, and Norfolk and Western Railway Company, Defendants.

Civ. A. No. 76–0213(R).

United States District Court,
W. D. Virginia,
Roanoke Division.

Feb. 16, 1978.

T. T. Lawson, Woods, Rogers, Muse, Walker & Thornton, Roanoke, Va., for defendant Norfolk & Western Ry. Co.

F. Rodney Fitzpatrick, Roanoke, Va., for defendant B.R.A.C., et al.

Raymond R. Robrecht, Salem, Va., for plaintiffs.

MEMORANDUM OPINION and ORDER

TURK, Chief Judge.

In a previous opinion in this case, *Davis v. Brotherhood of Railway and Airline Clerks*, No. 76–0213 (W.D.Va. Nov. 1, 1977), this court partially granted defendant Brotherhood of Railway and Airline Clerk's ("BRAC") motion for summary judgment,

limiting the issue involved to one of an alleged breach of the duty of fair representation by BRAC in its negotiations with the defendant Norfolk & Western Railway Co. ("Railway") concerning the consolidation of certain seniority districts. At that time, the court denied the Railway's motion to dismiss while granting a thirty-day delay in proceedings for the Railway to move for summary judgment. The Railway has so moved, the case now being before the court on that motion and defendant BRAC's renewed motion for summary judgment.

Plaintiffs, employees of the Railway and members of BRAC, allege that BRAC breached its duty of fair representation by failing to negotiate with the Railway for the inclusion of their seniority districts, numbers 44 and 45, in consolidated District # 1. By an agreement dated June 25, 1976 BRAC and the Railway agreed to consolidate several seniority districts, excluding numbers 44 and 45, into District # 1. The Railway is alleged to be jointly and severally liable by reason of knowingly aiding, abetting, assisting and cooperating with BRAC in its breach of the duty of fair representation. The affidavits submitted by all parties show that in the negotiations leading up to the formation of District # 1, the question of including districts 44 and 45 was not raised by either BRAC or the Railway. Grady F. Jackson, General Chairman of the Norfolk & Western System Board of Adjustment No. 218 of the Brotherhood of Railway and Airline Clerks states in paragraph 7 of his affidavit that BRAC "did not propose the inclusion of Seniority Districts Numbers 44 and 45. . . ." Plaintiffs Lawrence A. Davis and Howard W. Jamerson also maintain at page 2 of their joint affidavit that no attempt was made to include districts 44 and 45 in the original negotiations which produced the June 25, 1976 agreement. Finally, the Director of Labor Relations—Administrative Crafts of the Railway, Frank D. Lucado, Jr. stated in paragraph 6 of his affidavit that the issue of the inclusion of districts 44 and 45 in the consolidation "was never raised or discussed during any of the negotiations leading to the agreement of June 25, 1976." In fact,

Mr. Jackson, in paragraph 9 of his affidavit, indicates that after receiving several communications from members of District 45 requesting consolidation in District 1 he proposed such consolidation to the Railway in a letter dated August 20, 1976. The Railway refused to include District 45 at that time.

To include an employer as a party defendant in a suit alleging a breach of the duty of fair representation by a labor union, it must be shown that there is some independent employer wrong arising from the same transaction or that the employer acted in concert with the union in its breach of duty. R. Gorman, Labor Law 721 (1976). Thus, if it could be shown that BRAC and the Railway acted together to unlawfully exclude Districts 44 and 45 from the consolidated district the employer would properly be considered a defendant, but, the Railway may not be included if it appears that its actions and those of BRAC were not part of a combined attempt to discriminate. *O'Mara v. Erie Lackawana RR Co.*, 407 F.2d 674, 679 (2d Cir. 1969), *aff'd sub nom, Czosek v. O'Mara*, 397 U.S. 25, 90 S.Ct. 770, 25 L.Ed.2d 21 (1970).

In this case BRAC approached the Railway with a proposal to alter the terms of an existing collective bargaining agreement. It is not disputed that the issue of including Districts 44 and 45 was not presented in the ensuing negotiations concerning BRAC's proposed consolidation of seniority districts. By agreeing to negotiate with BRAC on this issue, the Railway did not assume a duty to examine the motives of the union in seeking to consolidate some districts while excluding others. Were such a duty imposed in collective bargaining situations, employers would become guarantors to employees that their union is representing their interests in a good faith and non-arbitrary manner. As stated by this court in *Coleman v. Kroger Co.*, 399 F.Supp. 724, 731, 732 (W.D.Va.1975).

"[the employer is] expected to represent its own interests which would normally be antagonistic to those of its union em-

ployees. [The employer] could be expected to look to the unions to represent their members' best interests, and if the union failed in this respect the court perceives no basis for holding [the employer] liable with the unions.

*Cf. Hines v. Anchor Motor Freight, Inc.*, 424 U.S. 554, 96 S.Ct. 1048, 47 L.Ed.2d 55 (1976); *Vaca v. Sipes*, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967).

■ To grant summary judgment, it must be shown that the pleadings and affidavits reveal no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c); *Kipps v. Ewell*, 538 F.2d 564, 566 (4th Cir. 1976). There being nothing of record to implicate the Railway in concerted discriminatory activities with BRAC concerning the consolidation of seniority districts, summary judgment will be granted for the Railway.[1] For the reasons stated in the court's opinion of November 1, 1977, BRAC's renewed motion for summary judgment is denied.

---

1. It is noted that the Railway is not an indispensible party in this case. The Railway's rights or interests will not be affected in an action to enforce BRAC's duty of fair representation to its members. *Conley v. Gibson*, 355 U.S. 41, 45, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).