Charles V. BOWEN, Plaintiff,

v.

UNITED STATES POSTAL SERVICE
and American Postal Workers Union
AFL–CIO, Defendants.

Civ. A. No. 76–0255(R).

United States District Court,
W. D. Virginia,
Roanoke Division.

May 11, 1979.

Haney H. Bell, Woods, Rogers, Muse, Walker & Thornton, Roanoke, Va., for plaintiff.

Victor B. Gersh, Washington, D. C., Paul R. Thomson, Jr., U. S. Atty., Roanoke, Va., for defendants.

### FINDINGS OF FACT and CONCLUSIONS OF LAW

TURK, Chief Judge.

Came the parties on April 11, 1979, upon their several post-trial motions and upon the jury verdict returned on December 21, 1978, and the Court, having considered the motions of the parties, the memoranda filed, and the arguments of counsel, and having considered the evidence and the documentary exhibits, the Court makes the following findings of fact not inconsistent with the jury verdict and conclusions of law:

### FINDINGS OF FACT

1) Plaintiff Charles V. Bowen was employed by the defendant United States Postal Service (hereafter USPS) and was represented for the purpose of collective bargaining by the defendant American Postal Workers Union, AFL–CIO (hereafter APWU), at all times material to this action.

2) Plaintiff was indefinitely suspended from his employment on or about February 21, 1976, which action amounted to the discharge of plaintiff from his employment.

3) Defendant USPS was a party to a collective bargaining agreement with the co-defendant APWU, which agreement required that the plaintiff could be discharged only for just cause.

4) Defendant USPS discharged plaintiff without just cause in reckless and callous disregard of plaintiff's rights.

5) Defendant APWU handled plaintiff's apparently meritorious grievance arising from his discharge in an arbitrary and perfunctory manner and in so doing acted in reckless and callous disregard of plaintiff's rights.

6) Plaintiff has, since February 21, 1976, actively sought employment from other employers, has repeatedly been rejected for such other employment and has no expectation or opportunity to be employed in the future in substantially equivalent employment.

7) During the period from February 21, 1976, until December 20, 1978, the plaintiff Charles V. Bowen lost wages and fringe benefits in the amount of $47,000.00.

8) During the period December 20, 1978, to April 11, 1979, the plaintiff Charles V. Bowen lost additional wages and fringe benefits in the amount of $5,954.12.

9) If plaintiff's grievance had been arbitrated as provided for in the collective bargaining agreement of the parties a result could have been anticipated by approximately August, 1977, reinstating plaintiff in his employment.

10) Based on the facts in evidence it is proper for the Court to infer that plaintiff would have been returned to his job earlier if the APWU had fulfilled its duties and that plaintiff could not proceed independently of APWU and reasonably relied upon APWU to protect his rights.

11) More than three (3) years have now elapsed since plaintiff's discharge and officials and counsel for the co-defendant USPS have described to the Court the impracticality of reinstating plaintiff to his employment.

12) Plaintiff is presently forty-five years old and could have reasonably expected to be employed by the Postal Service for an additional twenty-five years but for the actions of the co-defendants as described above. The Court finds that the present value of plaintiff's anticipated earnings projected for the next twenty-five years to be $125,000.00.

13) Plaintiff's counsel have submitted their time records to the court and the parties for review. The court finds the following hours of legal service to have been rendered in the preparation and presentation of this case:

| William B. Poff | 79.5 hours |
| Haney H. Bell | 151.9 hours |
| Bayard E. Harris | 130.0 hours |

14) The Court believes this case to have been one of moderate difficulty because of the involvement of the United States Postal Service and the difficult apportionment issues raised by the litigation. A similar degree of skill was required to develop this case adequately and was provided by the above-named attorneys, each of whom is an experienced attorney of good repute. While the reputations of these attorneys often allows them to command greater hourly rates, the Court finds their opportunity costs in pressing the litigation to be $18,070.00 based upon a rate of $50 per hour. The customary fee for such work, however, would be a contingency ranging from 25% to 33% of the recovery of the jury. Applying a contingency of 25% against the jury verdict of $87,000.00, the Court finds the customary fee to be $21,-750.00. Although this case would not have been considered particularly undesirable within the legal community, the expectation of recovery by plaintiff at the outset of the litigation could have been deemed only fair. While the amount in controversy became substantial as the litigation wore on, the results obtained by counsel for their client were considerable.

15) Awards of attorneys fees in similar litigation have been widely varied. In the analogous area of actions brought pursuant to the Landrum-Griffith Act, attorneys fees have ranged from $2,000.00 to $129,000.00. *Richardson v. Mail Handlers*, F.Supp., 99 LLRM 3393 (E.D.Va.1978). Once it is recognized that the benefits gained from litigation of this motion accrue to similarly situated non-parties as well, *see Harrison v. United Transportation Union*, 530 F.2d 558 (4th Cir. 1975), an award of attorneys fees must be assessed in part in terms of the social value produced by the litigation. In many respects, Mr. Bowen was a victim of unique circumstances, a factor which tends to reduce the impact of this action on those similarly situated. After a careful and deliberate examination of

all of these matters, the court finds a fair and reasonable award of attorneys fees to be $20,000.00, $15,000.00 to be paid by the Postal Service, the remainder to be borne by the Union.

## CONCLUSIONS OF LAW

1) Jurisdiction over the defendants USPS and APWU is proper pursuant to 28 U.S.C. § 1337, 29 U.S.C. §§ 159 and 185 and 39 U.S.C. § 409.

2) The defendant USPS by its unjust discharge of plaintiff, violated the collective bargaining agreement between the co-defendants and thus, breached duties owed plaintiff. *Hines v. Anchor Motor Freight, Inc.,* 424 U.S. 554, 96 S.Ct. 1048, 47 L.Ed.2d 231 (1976); *Vaca v. Sipes,* 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842.

3) The defendant APWU, by its arbitrary and perfunctory handling of plaintiff's apparently meritorious grievance, violated its duty of fair representation to plaintiff. *Hines v. Anchor Motor Freight, Inc., supra; Vaca v. Sipes, supra; Foust v. International Brotherhood of Electrical Workers,* 572 F.2d 710 (10th Cir. 1978); *Hardee v. N.C. Allstate Services, Inc.,* 537 F.2d 1255 (4th Cir. 1976); *Holodnak v. AVCO Corp.,* 514 F.2d 285 (2d Cir. 1975); *Harrison v. United Transportation Union,* 530 F.2d 558 (4th Cir. 1975); *Griffin v. UAW,* 469 F.2d 181 (4th Cir. 1972).

4) Plaintiff is entitled to recover compensatory damages for his lost earnings from the two defendants apportioned between them according to the damage caused by the fault of each. *Vaca v. Sipes, supra.* Although there is authority suggesting that only the employer is liable for damages in the form of back pay, the Court finds that this is a case in which both defendants, by their illegal acts, are liable to plaintiff. *Hines v. Anchor Motor Freight, Inc., supra;* but see, *Czosek v. O'Mara,* 397 U.S. 25, 90 S.Ct. 770, 25 L.Ed.2d 21 (1970) (damages for loss of employment recoverable only from employer *except* to the extent union added to the difficulty and expense of collecting). The

problem in this case is not one of liability but rather one of apportionment, which was properly left to the jury as to the defendant APWU and which, on the basis of the advisory jury, the Court finds was also equitable apportioned as to the defendant USPS. While the USPS set this case in motion with its discharge, the APWU's acts, upon which plaintiff reasonably relied, delayed the reinstatement of plaintiff and it is a proper apportionment to assign fault to the APWU for approximately two-thirds of the period the plaintiff was unemployed up to the time of trial. Accordingly, the Court approves the jury verdict and finds that the defendant USPS is liable to the plaintiff in the amount of $17,000.00 in compensatory damages and that defendant APWU is liable to plaintiff in the amount of $30,000.00 in compensatory damages. Additionally, defendant USPS, which has to date refused to reinstate the plaintiff to employment, is liable in compensatory damages to the plaintiff in the additional amount of $5,954.12 representing lost back wages and fringe benefits incurred from the time of trial to April 11, 1979.

5) Plaintiff is, under the normal principles applicable to this type of case, entitled to recover punitive damages against the defendant USPS. That defendant has, however, raised a plea of sovereign immunity to this aspect of the case, and the Court finds sovereign immunity is a bar to recovery of punitive damages against the USPS. The Court, accordingly, sets aside the jury verdict to the extent that it awarded punitive damages to the plaintiff against the United States Postal Service. Additionally, the Court finds that the actions of the defendant APWU, while supporting the jury verdict and findings of compensatory damages, were less reprehensible than the actions of the USPS. Therefore, as punitive damages cannot be assessed against the USPS, the Court does not deem it fair to impose punitive damages against the APWU. Accordingly, the jury verdict, to the extent that it awards plaintiff punitive damages against the defendant APWU, is set aside.

6) Plaintiff further seeks either reinstatement or some other form of prospective relief. Subject to his duty to mitigate, prospective relief in a case of this sort is appropriate, *DeArroyo v. Sindicato De Trabajadores Packinghouse,* 425 F.2d 281 (1st Cir. 1970); *Thompson v. Brotherhood of Sleeping Car Porters,* 367 F.2d 489, 494 (4th Cir. 1966), cert. den., 386 U.S. 960, 87 S.Ct. 1019, 18 L.Ed.2d 110 (1967), so long as it is apportioned between the APWU and USPS along the guidelines of *Vaca v. Sipes, supra.*

7) In view of the factual findings in this case regarding the efforts of plaintiff and the dismal outlook for his reemployment, coupled with the impracticability of his reinstatement, the Court finds that plaintiff's injury has continued since the date of judgment and that prospective relief in the form of future lost earnings is appropriate. *DeArroyo v. Sindicato, supra,* see *Richardson v. Communications Workers of America,* 443 F.2d 974 (8th Cir. 1971). (Future loss may extend beyond the term of the collective bargaining agreement.) Defendant United States Postal Service is directed to reinstate plaintiff within sixty (60) days from entry herein to his same and previous, or a similar and comparable position, within the Virginia District, Eastern Region, at a location and facility to be determined by the defendant USPS subject to the approval of the Court, such reinstatement to include full seniority from the date of plaintiff's suspension, February 21, 1976. If reinstatement is approved for any facility other than the Lynchburg, Virginia, facility, the plaintiff's seniority date for contractual benefits shall be the same date as that held at the Lynchburg facility. Alternatively, the defendant USPS, if it continues to deem reinstatement impractical and declines to reinstate him, shall be liable to plaintiff for future loss of earnings in the amount of $125,000.00, with interest thereon at the legal rate from this date until paid.

8) Plaintiff has additionally moved the Court for his costs, including reasonable attorney's fees. The Court finds an award of attorney's fees to be proper under the circumstances of this case. As noted above,

the Court is in complete agreement with the jury finding of bad faith and, on that basis, is able to assess such an award against both the USPS and APWU. *See Alyeska Pipeline Service Co. v. Wilderness Society, et al.,* 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975). Plaintiff's suit also served to vindicate the right of the members of the union to be fairly represented by the union in their claims against their employer. Thus, attorney's fees may be awarded against the defendant union under the common benefit rationale. *Hall v. Cole,* 412 U.S. 1, 93 S.Ct. 1943, 36 L.Ed.2d 702 (1973); *Harrison v. United Transportation Union, supra* at 564.

9) The Court further taxes the bill of costs submitted by plaintiff in the amount of $1,463 to be borne jointly and severally in equal amounts by both defendants.