**Nick J. CRUSOS, Plaintiff-Appellant,**
v.
**UNITED TRANSPORTATION UNION, LOCAL 1201; Western Pacific Railroad Company; and Herbert Ables, Defendants-Appellees.**

No. 85–1577.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 12, 1985 *.

Decided April 10, 1986.

---

\* The panel was unanimously of the opinion that oral argument was not required in this case. Fed.R.App.P. 34(a).

Nick J. Crusos, pro. per.

Frederick L. Nelson, Anthony S. Petru, Hilderbrand, McLeod & Nelson, Oakland, Cal., for defendants-appellees.

Before: KENNEDY, NELSON, and BOOCHEVER, Circuit Judges.

KENNEDY, Circuit Judge:

Appellant Nick Crusos appeals the district court's grant of summary judgment in favor of appellees United Transportation Union (Union) and Western Pacific Railroad Company (Railroad). We hold that the district court lacked subject matter jurisdiction over the Railroad, and we affirm the grant of summary judgment in favor of the Union.

Crusos chose to stop participating in a dues checkoff program, under which his union dues were automatically deducted from his paycheck. He chose instead to pay his monthly dues on his own. According to the Union, he failed to tender his dues in a timely fashion for fifteen months, sometimes missing entire payments. The Union repeatedly contacted him during this period to notify him of the delinquencies. Eventually, the Union suspended him from membership.

The Collective Bargaining General Labor Agreement between the Union and the Railroad requires a union shop, so that all employees must belong to the Union as a condition of employment. The Union informed the Railroad of Crusos' suspension, and the Railroad terminated his employment. Crusos appealed his discharge to a neutral arbitrator serving in lieu of a Railroad Adjustment Board pursuant to 45 U.S.C. § 153 Second (1982). The arbitrator found that the Railroad had properly discharged him. Crusos then commenced an action in federal district court for damages and reinstatement, alleging that the Union had breached its duty of fair representation towards him and had treated him in a discriminatory manner in comparison with other Union members who had been in arrears but who were not suspended. He also alleged that the Railroad wrongfully discharged him from his employment.

The district court erred in asserting subject matter jurisdiction over the Railroad. Crusos' claim against the Railroad arises

under the Railway Labor Act, 45 U.S.C. §§ 151–188 (1982). That Act is designed to resolve minor disputes between railroad employees and their employers, and it establishes a Railroad Adjustment Board to resolve those disputes by arbitration:

> The disputes between an employee or group of employees and· a carrier or carriers growing out of grievances or out of the interpretation or application of agreements concerning rates of pay, rules, or working conditions ... shall be handled in the usual manner up to and including the chief operating officer of the carrier designated to handle such disputes; but, failing to reach an adjustment in this manner, the disputes may be referred by petition of the parties or by either party to the appropriate division of the Adjustment Board....

*Id.* § 153 First (i); *see Klemens v. Air Line Pilots Association,* 736 F.2d 491, 497 (9th Cir.), *cert. denied,* —— U.S. ——, 105 S.Ct. 435, 83 L.Ed.2d 362 (1984). The Act gives no right of action to railroad employees to sue their employers in federal court for wrongful discharge. *Stack v. New York Central Railroad,* 258 F.2d 739, 741 (2d Cir.1958). Indeed, employees' reinstatement actions are exclusively within the jurisdiction of the National Railroad Adjustment Board. *Slocum v. Delaware, Lackawanna & Western Railroad,* 339 U.S. 239, 244, 70 S.Ct. 577, 579, 580, 94 L.Ed. 795 (1950); *Hanson v. Chicago, Burlington & Quincy Railroad,* 282 F.2d 758, 760 (7th Cir.1960), *cert. denied,* 365 U.S. 850, 81 S.Ct. 813, 5 L.Ed.2d 814 (1961).

The decision of the Railroad Adjustment Board or neutral arbitrator is final and binding on the parties. 45 U.S.C. § 153 First (m) (1982). Although the statute provides for an appeal from an adverse decision to a federal district court, the statute does not give that court jurisdiction under all circumstances. The district court's review is limited to only three grounds: "(1) failure of the Adjustment Board to comply with the requirements of the Railway Labor Act; (2) failure of the Adjustment

Board to conform, or confine, itself to matters within the scope of its jurisdiction; and (3) fraud or corruption." *Union Pacific Railroad v. Sheehan,* ·439 U.S. 89, 93, 99 S.Ct. 399, 401, 402, 58 L.Ed.2d 354 (1978) (per curiam); *accord Andrews v. Louisville & Nashville Railroad,* 406 U.S. 320, 325, 92 S.Ct. 1562, 1565 (1972); 45 U.S.C. § 153 First (q) (1982).

The district court found jurisdiction over the Railroad by holding that the arbitrator exceeded his jurisdiction. The court found that the arbitrator could only consider the question of whether appellant was a member of the Union, but that the arbitrator had gone beyond that question in determining that appellant had not complied with the Union constitution in failing to pay his dues, and that the Union had not discriminated against appellant in suspending him. The district court exercised jurisdiction over the Railroad on the additional ground that doing so ensured complete and meaningful relief.

Here the arbitrator only examined the issues that are fundamental to determining membership in the Union: whether appellant had paid his dues, and whether he was properly expelled from the Union. An adjustment board or arbitrator must have the authority to decide whether an employee was correctly expelled from a union. If it is not permitted to do so, it merely rubber stamps the union's actions, and the employee's resort to the adjustment board is futile.

Asserting federal court jurisdiction undermines an important part of the Railway Labor Act—resolving grievances between employees and employers through arbitration. The Railroad should not be joined as a party to ensure complete and meaningful relief because, apart from the limited judicial appeal from a decision of an adjustment board, the statute provides no right of action against the Railroad.

This case is distinguishable from *Glover v. St. Louis-San Francisco Railway,* 393 U.S. 324, 89 S.Ct. 548, 21 L.Ed.2d 519

(1969), where the Supreme Court asserted jurisdiction over a railroad to ensure complete and meaningful relief. In that case, relief was sought against the railroad for alleged discriminatory enforcement of a collective bargaining agreement. The Court found that limiting plaintiffs to the relief provided by a Railroad Adjustment Board would provide them no relief at all, so that only a judicial remedy could compensate them. *Id.* at 329–30, 89 S.Ct. 551–52. Here, in contrast, there is no indication that the arbitrator would not have corrected any abuses on the part of the Railroad.

Nor could the district court have asserted jurisdiction over the Railroad on the ground that appellant implicates the Railroad in his claim that the Union breached its duty of fair representation. *See Czosek v. O'Mara,* 397 U.S. 25, 29, 90 S.Ct. 770, 773, 25 L.Ed.2d 21 (1970). Appellant's allegations are merely conclusory, as they fail to allege any act demonstrating a conspiracy between the Union and the Railroad. *See Lusk v. Eastern Products Corp.,* 427 F.2d 705, 708 (4th Cir.1970) (Labor Management Relations Act). Thus, the district court had no jurisdiction over the Railroad.

The district court correctly asserted jurisdiction over the Union, however. *See Klemens,* 736 F.2d at 496. The Railway Labor Act provides no separate remedy for grievances between employees and unions where the allegation is that the union breached its duty of fair representation. *Conley v. Gibson,* 355 U.S. 41, 44–45, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957); *see Fechtelkotter v. Air Line Pilots Association,* 693 F.2d 899, 901–03 (9th Cir.1982). Moreover, 28 U.S.C. § 1337 gives the district court jurisdiction over unfair representation claims under the Railway Labor Act because that Act regulates commerce. *Fechtelkotter,* 693 F.2d at 903.

Appellant argues that the district court should not have granted summary judgment with respect to his claim that the Union engaged in hostile discrimination in suspending him. To show a breach of the Union's duty of fair representation, appellant must demonstrate "substantial evidence of fraud, deceitful action, or dishonest conduct." *Humphrey v. Moore,* 375 U.S. 335, 348, 84 S.Ct. 363, 371, 11 L.Ed.2d 370 (1964); *see Amalgamated Association of Street, Electric Railway & Motor Coach Employees v. Lockridge,* 403 U.S. 274, 299, 91 S.Ct. 1909, 1924, 29 L.Ed.2d 473 (1971); *Fechtelkotter,* 693 F.2d at 904. But the Union's actions here were not fraudulent, deceitful, or dishonest. Appellant failed to tender his union dues in a timely and acceptable manner, and his suspension from the Union was therefore justified and not discriminatory. A union's decision to avail itself of its rights under its union shop and collective bargaining agreements, and its motives for doing so, do not provide an aggrieved member with a cause of action. *LaFrance v. Brotherhood of Locomotive Firemen & Enginemen,* 204 F.Supp. 13, 14 (E.D.Mich.1962). Indeed, the Union here was more than patient with appellant before it invoked its rights. It granted appellant in effect a fifteen-month grace period during which time it repeatedly advised him of his arrearages. Thus, appellant does not raise a genuine issue of material fact regarding his claim that he was a victim of discrimination, and summary judgment against him was appropriate.

The district court's grant of summary judgment in favor of the Railroad is vacated, and the case is remanded to that court with instructions to dismiss the action against the Railroad for lack of subject matter jurisdiction. The district court's grant of summary judgment in favor of the Union is affirmed.