961 F.2d 219
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Roy CHANDLER, Plaintiff-Appellant,
v.
AMERICAN AIRLINES, INC. and Transport Workers Union of
America, AFL-CIO Local 514, Defendants-Appellees.
 No. 91-5079.
 United States Court of Appeals, Tenth Circuit.
 April 10, 1992.
 
 Before SEYMOUR and STEPHEN H. ANDERSON, Circuit Judges, and SAM,* District Judge.
 ORDER AND JUDGMENT**
 STEPHEN H. ANDERSON, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff Roy Chandler appeals from an order of the district court denying Chandler's motion to reopen this case following exhaustion of his administrative remedies as required by the Railway Labor Act (RLA), 45 U.S.C. §§ 151-188, made applicable to air carriers at § 181.
 
 
 3
 Chandler was fired by Defendant American Airlines in 1987. He requested the assistance of his union, Defendant Transport Workers Union of America, AFL-CIO Local 514 (TWU), in filing a grievance. TWU submitted Chandler's grievance to American but allegedly failed to pursue the grievance or set it for hearing. Chandler then sought advice of counsel after which TWU gave formal notice of withdrawal of the grievance.
 
 
 4
 Chandler next commenced this action in district court alleging wrongful termination of employment against American and breach of the duty of fair representation against TWU. Both American and TWU filed motions to dismiss and for summary judgment which were sustained by the court on the ground that the action was barred by the applicable statute of limitations.
 
 
 5
 On appeal, a panel of this court reversed, holding that there was a sufficient issue of fact regarding when the statute of limitations began to run to preclude summary judgment. See Chandler v. American Airlines, Inc., No. 88-2728 (10th Cir. Oct. 2, 1989). On remand, Defendants again filed motions to dismiss, this time on the ground that Chandler had failed to exhaust his administrative remedies as set forth in the RLA at § 153 First. These motions were sustained with the proviso that the case was subject to being reopened if timely notice were filed by the parties. Following exhaustion and denial of his claims by the Adjustment Board, Chandler filed a motion to reopen the case. That motion was denied and Chandler appeals.
 
 
 6
 On appeal, Chandler argues that the district court erred in holding that he was required by the RLA to exhaust administrative remedies by submitting his case to the Adjustment Board for arbitration. In the alternative, Chandler argues that if the district court were correct in requiring submission, such submission amounted to dismissal of his action against TWU because the dispute between him and TWU is not subject to arbitration.
 
 
 7
 Employees subject to the RLA must utilize dispute settlement procedures as provided for in that Act for minor disputes. Andrews v. Louisville & N.R.R., 406 U.S. 320, 322 (1972). Minor disputes include those which arise out of an existing collective bargaining agreement. See Consolidated Rail Corp. v. Railway Labor Executives' Ass'n, 491 U.S. 299, 303 (1989).
 
 
 8
 Chandler's claim against American is a minor dispute which arose out of the collective bargaining agreement. Chandler alleged that the terms of the collective bargaining agreement were violated because he was dismissed without a hearing and appeal. Chandler's claim, therefore, was correctly submitted to the Adjustment Board.
 
 
 9
 "Judicial review of the arbitral decision is limited." Id. at 304. See also Andrews, 406 U.S. at 325 (party who has litigated issue before the Adjustment Board on the merits may not relitigate that issue in independent judicial proceeding, but is limited to judicial review of the Board's proceedings that the Act itself provides). On review we may only examine whether the Adjustment Board failed to comply with the requirements of the RLA, failed to conform or confine itself to matters within the scope of its jurisdiction, or whether there was any fraud or corruption in the proceedings. Union Pac. R.R. v. Sheehan, 439 U.S. 89, 93 (1978) (citing 45 U.S.C. § 153 First (q)).
 
 
 10
 Chandler does not allege that any of these factors is present. Therefore, the district court properly denied review of the Adjustment Board's decision.
 
 
 11
 Chandler raises a potential constitutional claim that his due process rights were violated because the Adjustment Board was improperly biased against him. A constitutionally based argument may be another basis for judicial review. See Edelman v. Western Airlines, Inc., 892 F.2d 839, 847 (9th Cir.1989). We do not need to determine here whether this circuit would also permit judicial review of constitutional claims. Chandler alleged that because the Adjustment Board was comprised of a "Company member, a TWU member, and a neutral referee," Appellant's Br. at 7, and because the positions of both the American and TWU representatives were adverse to him, it, therefore, was "inconceivable" that he could have prevailed. Chandler did not protest the composition of the Board before it rendered its decision against him. Moreover, the neutral arbitrator also found against Chandler. Under these circumstances, Chandler's unsubstantiated and conclusory allegations cannot support a due process claim, and Chandler is not entitled to judicial review on this issue.
 
 
 12
 While the district court had no jurisdiction over Chandler's claim against American, a different situation is present in regard to his claim against TWU. In Czosek v. O'Mara, 397 U.S. 25 (1970), the Court noted that the judiciary is the primary guardian of the duty of fair representation. Id. at 27. It is
 
 
 13
 beyond cavil that a suit against the union for breach of its duty of fair representation is not within the jurisdiction of the National Railroad Adjustment Board or subject to the ordinary rule that administrative remedies should be exhausted before resort to the courts. The claim against the union defendants for the breach of their duty of fair representation is a discrete claim quite apart from the right of individual employees expressly extended to them under the Railway Labor Act to pursue their employer before the Adjustment Board.
 
 
 14
 Id. at 28 (citations and footnote omitted). Therefore, the district court has jurisdiction over Chandler's claims against TWU.[1] We note that although Chandler is permitted by statute to pursue his grievance before the Adjustment Board without union assistance, this right does not excuse any refusal by TWU to fulfill its duty of fair representation because TWU is in a far better position to process a grievance successfully than Chandler. See Conley v. Gibson, 355 U.S. 41, 47 (1957).
 
 
 15
 In conclusion, the district court properly required Chandler to submit his claim against American to arbitration and properly denied review of the Adjustment Board's decision. The district court does have jurisdiction to hear Chandler's claim against TWU.
 
 
 16
 The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED in part and REVERSED in part, and the case is REMANDED for further proceedings in accordance with this order and judgment.
 
 
 
 *
 Honorable David Sam, District Judge, United States District Court for the District of Utah, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 We do not face here the situation which was before us in Richins v. Southern Pacific Co. (Pacific Lines), 620 F.2d 761, 763 (10th Cir.1980), cert. denied, 449 U.S. 1110 (1981), in which the claims against the company and the union were not easily separable, and the case could not be bifurcated. Chandler's reference in his complaint to collusion between American and TWU is conclusory and vague and does not support an allegation of collusion. Further, Chandler clearly bifurcated the issues in his claims for relief