980 F.2d 394
 141 L.R.R.M. (BNA) 2912, 123 Lab.Cas. P 10,457
 David J. SPARKS, Plaintiff-Appellant,
v.
INTERNATIONAL UNION, UNITED AUTOMOBILE AEROSPACE &
AGRICULTURAL IMPLEMENT WORKERS OF AMERICA,
Defendant-Appellee/Cross-Appellee,
Staff Council of International Representatives, U.A.W.,
Defendant/Third-Party Plaintiff-Appellee/Cross-Appellant,
Roy Goforth, Third-Party Defendant-Appellee.
 Nos. 90-3919, 90-3966.
 United States Court of Appeals,
Sixth Circuit.
 Argued Sept. 13, 1991.
Decided Nov. 24, 1992.
 
 Steven B. Potter (briefed), Dinn, Hochman, King & Melamed, Mayfield Heights, Ohio, Harold Dunne (argued and briefed), Livonia, Mich., for David J. Sparks.
 Betty Grdina (argued and briefed), Bobulsky & Grdina, Ashtabula, Ohio, Leonard Page, Jordan Rossen, Associate General Counsel, Intern. Union, UAW, Detroit, Mich., for Intern. Union, United Auto. Aerospace & Agricultural Implement Workers of America.
 Alan G. Ross, Evelyn P. Schonberg (briefed), Ross, Brittain & Schonberg, Cleveland, Ohio, for Staff Council of Intern. Representatives, U.A.W.
 David Roloff (argued and briefed), Gaines & Stern, Cleveland, Ohio, for Roy Goforth.
 Before: RYAN and NORRIS, Circuit Judges; and BELL, District Judge.*
 ALAN E. NORRIS, Circuit Judge.
 
 
 1
 An employee and his union appeal a summary judgment which denied their request to vacate an arbitration award and dismissed the employee's "hybrid" action claiming wrongful discharge by his employer, in violation of the collective bargaining agreement and breach of the duty of fair representation by his union, initiated pursuant to section 301 of the Labor Management Relations Act, 29 U.S.C. § 185. The district court concluded that the prior decision by the arbitrator left no material fact at issue. The arbitrator had determined that a previous withdrawal of the initial grievance by the union representative was duly authorized and was a final disposition of any claim for wrongful discharge. The employee asserts on appeal that the substantive issues of the grievance should have been addressed by the trial court because the union admits to breaching its duty of fair representation and an employer may not rely upon a union's breach of duty to avoid liability for a breach of the collective bargaining agreement. The union also appeals the district court's refusal to consider its request for attorneys' fees.
 
 I.
 
 2
 Plaintiff-appellant, David J. Sparks, worked as an international representative for The International Union, United Automobile, Aerospace and Agricultural Implement Workers of America, UAW ("employer"). After twenty years of service, his employment was terminated in 1983. In response to his discharge, he filed a grievance with his union, the Staff Council of International Representatives, UAW ("union"). Sparks' grievance protested the discharge and requested reinstatement with reimbursement for all monies and benefits lost. Because his regular union representative was unable to process the case due to illness, an alternate representative, Roy Goforth, handled the grievance. Goforth met twice with the employer's representatives, allegedly examined numerous documents pertaining to Sparks' discharge, and interviewed the witnesses named in those documents.[1] Following this investigation, Goforth and the employer agreed that the grievance would be withdrawn "without prejudice" to the position of either party. Goforth never spoke with Sparks about the grievance or the decision to withdraw. When the union was informed about the settlement, it immediately refiled a grievance on behalf of Sparks. The employer, however, refused to reinstate the grievance.
 
 
 3
 Sparks then filed a complaint in the United States District Court for the Northern District of Ohio, pursuant to section 301 of the Labor Management and Relations Act[2] against both his employer and his union (a so-called "hybrid" action). He claimed that his employer discharged him without cause and in violation of the collective bargaining agreement. Sparks also claimed that the union breached its duty of fair representation by withdrawing his valid grievance. In response, the employer asserted that, because Goforth had the authority to withdraw the grievance and any withdrawal was a final determination, the grievance was not subject to being reopened. The union, with Sparks' consent, asked the court to submit the issues to arbitration.
 
 
 4
 The district court directed the arbitrator to determine whether Goforth "had the authority to settle" the grievance, and whether the phrase "withdrawal without prejudice" meant there was a final disposition of the grievance. "In the event the arbitrator rules [in the affirmative] in favor of [the employer] on these procedural issues, this matter is over." Only if the employer lost on these "procedural issues" was the arbitrator to proceed to the merits of Sparks' wrongful discharge claim against the employer. The claim against the union for unfair representation was not expressly referred to the arbitrator.
 
 
 5
 The arbitrator attempted to refine the issues submitted to him by adopting a three-step methodology for their resolution:
 
 
 6
 1. Did Goforth have "general authority" to withdraw the grievance?
 
 
 7
 2. If so, was this authority invalidated by any fraud, collusion, bad faith, or egregious error which the union alleged had taken place?
 
 
 8
 3. If not, what was the effect of the withdrawal?
 
 
 9
 Answering the first question in the affirmative, the arbitrator concluded from the evidence that Goforth had the same authority as did the grievanceman he replaced. In response to the third question, he concluded that under the accepted practice of parties to the collective bargaining agreement, the withdrawal of a grievance without prejudice constitutes a final disposition of the grievance.
 
 
 10
 In considering the second issue, the arbitrator noted that the parties strongly disagreed as to whether Goforth's "authority was invalidated in this case and rendered ineffective by reason of [union] asserted fraud, collusion, bad faith or egregious error allegedly motivating and actuating [Goforth's] withdrawal of the grievance."
 
 
 11
 The arbitrator cited language from a legal encyclopedia concerning the common law of agency doctrine of apparent authority, and concluded that
 
 
 12
 any fraud, collusion, bad faith or egregious error by [Goforth], if such in fact existed, may not properly serve to render his withdrawal of the Grievance invalid or ineffective unless it was known to, caused by or knowingly participated in by the [employer ].
 
 
 13
 This is in accord with the law of agency, and, in my opinion, also in accord with the collective bargaining agreement.
 
 
 14
 As far as the [employer] was concerned, [Goforth] was acting as agent of the [union] and of the grievant....
 
 
 15
 ....
 
 
 16
 ... [Goforth's] general authority was not invalidated nor rendered ineffective, by reason of any alleged fraud, collusion[,] bad faith or egregious error on the part of [Goforth], inasmuch as such alleged fraud, collusion[,] bad faith or egregious error, if any such existed, was not shown to have been known to, caused by or participated in by the [employer].
 
 
 17
 Accordingly, the arbitrator did not decide whether Goforth actually was guilty of any fraud, collusion, bad faith, or egregious error. In obedience to the parameters of the reference, he also did not consider the merits of Sparks' claim that he was wrongfully discharged.
 
 
 18
 Sparks then filed another complaint with the district court, again including a hybrid section 301 claim and, in addition, a request that the arbitrator's decision be vacated under the Arbitration Act.[3]
 
 
 19
 The district court affirmed the arbitrator's award and granted summary judgment for the employer, concluding that the arbitration award was a final settlement of the wrongful discharge claim in favor of the employer and that, based upon the limited scope of review exercised by federal courts over arbitration awards, that claim was not subject to relitigation. The case was terminated in its entirety.
 
 II.
 
 20
 Ordinarily, an employee harboring a complaint against his employer that he has been wrongfully discharged in violation of the collective bargaining agreement is required to attempt to exhaust the grievance remedies provided for in the agreement. Republic Steel Corp. v. Maddox, 379 U.S. 650, 85 S.Ct. 614, 13 L.Ed.2d 580 (1965). Subject to very limited judicial review, the employee will be bound by the result according to the finality provisions of the agreement. DelCostello v. Teamsters, 462 U.S. 151, 164, 103 S.Ct. 2281, 2290, 76 L.Ed.2d 476 (1983). The Supreme Court has recognized, however, that
 
 
 21
 this rule works an unacceptable injustice when the union representing the employee in the grievance/arbitration procedure acts in such a discriminatory, dishonest, arbitrary, or perfunctory fashion as to breach its duty of fair representation. In such an instance, an employee may bring suit against both the employer and the union, notwithstanding the outcome or finality of the grievance or arbitration proceeding.
 
 
 22
 DelCostello, 462 U.S. at 164, 103 S.Ct. at 2290 (citing Vaca v. Sipes, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967); Hines v. Anchor Motor Freight, Inc., 424 U.S. 554, 96 S.Ct. 1048, 47 L.Ed.2d 231 (1976); United Parcel Serv., Inc. v. Mitchell, 451 U.S. 56, 101 S.Ct. 1559, 67 L.Ed.2d 732 (1981); Bowen v. USPS, 459 U.S. 212, 103 S.Ct. 588, 74 L.Ed.2d 402 (1983); Czosek v. O'Mara, 397 U.S. 25, 90 S.Ct. 770, 25 L.Ed.2d 21 (1970)). The "indispensable predicate" to an employee's "hybrid" action initiated pursuant to section 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a), claiming wrongful discharge by his employer in violation of the bargaining agreement, is a demonstration that his union breached its duty of fair representation. United Parcel Serv., 451 U.S. at 62, 101 S.Ct. at 1563.
 
 
 23
 Thus, in selecting the section 301 hybrid action, Sparks was required to show that his union breached its duty to fairly represent him when Goforth withdrew the grievance.
 
 
 24
 Although the district court may have intended its reference to arbitration on the question of Goforth's authority to be broad enough to include a determination of whether the union, acting through Goforth, had actually breached its duty of fair representation through fraud or collusion or egregious error, that is not how the reference was treated by the arbitrator. Instead, the arbitrator concluded that he was not required to determine whether facts actually existed that would constitute a breach of the duty of fair representation, so long as the employer was not aware that any such facts existed.
 
 
 25
 The essence of the arbitrator's decision was that Sparks' claim against the employer was barred by the common law of agency doctrine of apparent authority--that, in view of the grievance procedures set out in the collective bargaining agreement, Goforth was acting as the agent of Sparks and his union and was clothed by them with the apparent authority to settle the grievance; that the employer was unaware of any of the fraud, collusion, bad faith, or egregious error which Sparks and the union allege motivated Goforth to exceed the scope of his actual authority; and that Sparks and the union therefore were bound by the conduct of their agent, which could be relied upon by the employer as a final disposition of Sparks' discharge grievance.
 
 
 26
 In its order granting summary judgment to the union and the employer, the district court cited the limited role of the judiciary in reviewing arbitration awards as set out by the Supreme Court in United Paperworkers Int'l Union v. Misco, Inc., 484 U.S. 29, 108 S.Ct. 364, 98 L.Ed.2d 286 (1987), and upheld the arbitrator's award. However, the district court ignored the fact that the arbitrator had based the arbitration award upon the common law doctrine of apparent authority. While there may be analogies in other contexts between the common law of agency and the relationship among employer, union, and employee defined by federal labor law, the doctrine of apparent authority has no place in the analysis of a hybrid section 301 action brought against employer and union. Congress, in giving employers and unions the power to establish exclusive grievance procedures, did not intend to shield employers from answering for breaches of bargaining agreements with their reliance on wrongful union conduct in enforcing such agreements. Vaca v. Sipes, 386 U.S. 171, 186, 87 S.Ct. 903, 914, 17 L.Ed.2d 842 (1967). Thus, if a member's union breaches its duty of "fair representation"[4] in representing him in statutorily condoned exclusive grievance procedures, the member is relieved of the usual requirement that he abide by the result of such procedures. He may relitigate in federal court his claims against both his employer and his union. DelCostello, 462 U.S. at 164, 103 S.Ct. at 2290; Hines, 424 U.S. at 567, 96 S.Ct. at 1057.
 
 
 27
 Accordingly, Sparks was entitled to have the district court determine if his union had breached its duty of fair representation, as a predicate to his litigating his claim for wrongful discharge against his employer. It may be that the union admitted facts before the arbitrator that would lead one to the conclusion that it had breached its duty of fair representation.
 
 
 28
 Although we have no quarrel with the district court having relied upon the arbitrator's determination of the narrow issues of Goforth's general authority and the finality of the grievance procedure under the "without prejudice" language of the withdrawal, nevertheless, the district court erred when it declined to move on to the merits of Sparks' claims against his union and employer.
 
 III.
 
 29
 Since the district court erred in granting summary judgment, we need not reach the other issues raised by the appeals. The order granting summary judgment is reversed, and this cause is remanded for further proceedings according to law and consistent with this opinion, in order that the district court may consider the merits of Sparks' claims against his union and employer.
 
 
 
 *
 The Honorable Robert Holmes Bell, United States District Judge for the Western District of Michigan, sitting by designation
 
 
 [1]
 Throughout this process, there has been a question of the existence and content of "89 documents." These documents supposedly contained the facts relied upon by Goforth in making his determination to withdraw the grievance. Neither Sparks nor any of his union representatives other than Goforth saw these documents. Plaintiffs contend that these documents either do not exist or do not support the discharge determination. The documents have never been produced at any stage of the litigation
 
 
 [2]
 29 U.S.C. § 185(a) states:
 Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.
 
 
 [3]
 9 U.S.C. § 10 provides:
 (a) In any of the following cases the United States court ... may make an order vacating the award upon the application of any party to the arbitration--
 (1) Where the award was procured by corruption, fraud, or undue means.
 ....
 (4) Where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.
 
 
 [4]
 This duty imposes on an exclusive bargaining representative a responsibility equal in scope to its authority: to represent members' interests "fairly and impartially," and "to make an honest effort to serve the interests of all of those members, without hostility to any." Humphrey v. Moore, 375 U.S. 335, 342, 84 S.Ct. 363, 368, 11 L.Ed.2d 370 (1964). In addition, "[t]he union, as the statutory representative of the employees is subject always to complete good faith and honesty of purpose in the exercise of its discretion." Hines, 424 U.S. at 564, 96 S.Ct. at 1056