Herschell McBRIDE, Plaintiff,

v.

TRANS WORLD AIRLINES, INC., and District 142, International Association of Machinists and Aerospace Workers, Defendants.

No. 17144-4.

United States District Court, W. D. Missouri, W. D.

May 8, 1970.

Panethiere & Frick, Henry A. Pane-thiere, Kansas City, Mo., for plaintiff.

D. Brook Bartlett, William A. Jolley, Kansas City, Mo., for defendants.

## MEMORANDUM AND ORDER GRANTING JUDGMENT TO DEFENDANTS

ELMO B. HUNTER, District Judge.

This is a suit arising under the provisions of 45 U.S.C. § 151, et seq. (The Railway Labor Act) against an employer, Trans World Airlines, and a union, District 142, International Association of Machinists and Aerospace Workers, seeking a declaratory judgment, damages, costs and expenses, and attorney fees.

In his amended complaint, plaintiff alleges, *inter alia*, the following: (1) that between January 24, 1964, and August 25, 1966, plaintiff was a plant maintenance mechanic employed by defendant Trans World Airlines at its "M.C.I." facility in Platte County, Missouri; (2) that defendant District 142 was the exclusive bargaining representative for all mechanics employed by defendant Trans World Airlines under a collective bargaining agreement which was in force during the period stated above; (3) that, in violation of the bargaining agreement, defendant Trans World Airlines promoted another employee to the classification of "lead mechanic" following his transfer from the defendant's "M.I.L.A." facility at Meritt Island, Florida to the "M.C.I." facility in Platte County, Missouri; (4) that this employee did not have the proper seniority nor the specific qualifications for such promotion as required by the bargaining agreement; and (5) that such action by the defendant Trans World Airlines was a wrongful violation of the collective bargaining agreement and in derogation of plaintiff's seniority rights under that agreement.

Additionally, plaintiff alleges that he filed a grievance as provided by the collective bargaining agreement; that he processed the grievance through Steps 1 and 2 of the grievance procedure established by that agreement; that his grievance was rejected by defendant Trans World Airlines; that at Step 3 of the procedure his grievance was handled by

the defendant union's System General Chairman by way of a conference with defendant Trans World Airline's Director of Industrial Relations; and that the conference resulted in a rejection of plaintiff's grievance. Plaintiff avers that following this denial he appealed to the Executive Board of defendant District 142, but that the appeal was denied. It was plaintiff's contention that the actions of defendant District 142 "constitutes a breach of its duty of fair representation owed the plaintiff because the same were arbitrary, capricious, unreasonable and perfunctory in that it failed to enforce * * * the plain and unambiguous language of the * * * collective bargaining agreement." Plaintiff also alleged that:

"* * * the actions of both defendants were collusive to a degree which would render useless any proceedings before the System Board of Adjustments composed entirely of persons selected by the defendants."

Following the filing of plaintiff's amended complaint, both defendants submitted motions to dismiss on the grounds that plaintiff had not exhausted his administrative remedies as provided by the collective bargaining agreement and that, in absence of such exhaustion, this Court lacked jurisdiction over the subject matter presented.

On August 5, 1969, a hearing was held for oral argument upon defendants' motions to dismiss. At that hearing, counsel for the plaintiff continued to assert the futility of the contractual procedure due to collusion between the defendant employer and the defendant union. It was his contention that such collusion and resultant futility in the processing of plaintiff's individual grievance presented a recognized exception to the well-established doctrine requiring exhaustion of grievance procedures prior to action in a federal district court. Conversely, counsel for the defendants contended that there was no collusion between the union and plaintiff's employer and that, absent such showing of collusion or futility, pursuit and exhaustion

of the grievance procedure was an essential jurisdictional requirement lacking in this case. In order to expedite this matter and in view of the preliminary jurisdictional question concerning the requirement of exhaustion of the contractual grievance procedures, the Court advised the parties that a full evidentiary hearing would be set to resolve the isolated issues of the necessity of exhaustion of the grievance procedures and plaintiff's allegation of collusion between the parties. The Court further indicated this full evidentiary hearing would be treated as a trial on these isolated issues.

Accordingly, on October 31, 1969, a full evidentiary hearing was held to consider plaintiff's allegation that "the actions of both defendants were collusive to a degree which would render useless any proceedings before the System Board of Adjustment." At that hearing, counsel for the plaintiff conceded that there was no evidence to support the allegation of collusion between the parties. Rather, plaintiff's counsel stated that "at a certain point in the proceedings of the processing of the grievance, the plaintiff was frustrated from any further proceedings provided him by the contract." This representation as to the lack of collusion was accepted as a stipulation among the parties.

As to plaintiff's attempts to process his specific grievance through the procedures established by the collective bargaining agreement, considered in the light most favorable to the plaintiff, the testimony adduced at the hearing indicated the following: that plaintiff initially prepared a formal grievance with the aid of his union steward and submitted it to plaintiff's general foreman, a company representative; that, at this stage in the grievance proceeding, plaintiff's grievance was denied; that plaintiff then submitted his grievance to the chairman of the union's grievance committee again with the aid of his union steward; that plaintiff and his union steward wrote to the union district representative requesting a written decision

in the matter; that plaintiff's attorney also mailed a letter to that representative requesting further processing of plaintiff's grievance; and that shortly thereafter plaintiff was notified that the executive board of the defendant union had reviewed plaintiff's grievance and considered that "the case did not merit further processing." In regard to his failure to further pursue his grievance through the remainder of the established grievance procedure, plaintiff testified that "we figured the company and union, their dealings on the matter, that we wouldn't gain anything by taking it to the System Board." Plaintiff offered no further evidence to show why he did not attempt any further processing of his case through the contractual grievance procedure.

During the earlier stages of this proceeding, plaintiff alleged and relied upon the collective bargaining agreement between defendant Trans World Airlines and defendant District 142 to establish a violation of plaintiff's seniority rights under that contract. In his post-hearing brief, however, plaintiff argues that the provisions of 45 U.S.C. § 184 which establish a statutory grievance procedure do not apply in this case. In support of this contention, plaintiff states that "this action is not one for the interpretation of the Collective Bargaining Agreement * * *, but rather the action of an individual employee and union member against his employer and union for failure to properly represent him and process his grievance." Plaintiff urges that the present action cannot be categorized as a "minor" dispute within the meaning of 45 U.S.C. § 184.

■ Plaintiff's argument is entirely without merit. Under the provisions of 45 U.S.C. § 153 and the parallel provisions of 45 U.S.C. § 184 which apply to air carriers, an exclusive procedure for the settlement of "minor" disputes between employers and employees has been established. Brotherhood of Locomotive Engineers v. Louisville and Nashville Ry. Co., 373 U.S. 33, 83 S.Ct. 1059, 10 L.Ed.2d 172 (1963); Gunther v. San Diego & Arizona E. R. Co., 382 U.S. 257, 86 S.Ct. 368, 15 L.Ed.2d 308 (1965); and Pennsylvania R. R. Co. v. Day, 360 U.S. 548, 79 S.Ct. 1322, 3 L.Ed.2d 1422 (1959). See also: IAM v. Central Airlines, 372 U.S. 682, 83 S.Ct. 956, 10 L. Ed.2d 67 (1963), reh. den. 373 U.S. 947, 83 S.Ct. 1533, 10 L.Ed.2d 702 (1963). A "minor" dispute has been defined in the following terms:

"The so-called minor disputes * *, involving grievances, affect the smaller differences which inevitably appear in the carrying out of major agreements and policies or arise incidentally in the course of an employment."

"[T]he [minor] dispute relates either to the meaning or proper application of a particular provision with reference to a specific stitution * * *". Elgin, Joliet & Eastern Railway v. Burley, 325 U.S. 711, 723, 65 S.Ct. 1282, 89 L.Ed. 1886 (1944); Howard v. St. Louis-San Francisco Railway Co., 361 F.2d 905, 911 (8th Cir. 1966).

As it is alleged in plaintiff's amended complaint, the present action involves plaintiff's job classification as provided by the collective bargaining agreement and his rate of compensation under the terms of that classification. In fact, plaintiff's prayer for damages apparently is based upon the difference in rates of pay between the job classification and the classification to which he contends he was entitled. Furthermore, in his complaint plaintiff specifically sets forth those sections of the collective bargaining agreement which defendant Trans World Airlines allegedly violated in the promotion of another employee to the classification of "lead mechanic." Therefore, it affirmatively appears from plaintiff's allegations that this is a "minor" dispute.

■ Furthermore, even assuming *arguendo* that plaintiff's action is not basically a contractual one, but rather an action for violation of the union's duty to fairly represent him throughout the established grievance procedure, plain-

tiff has failed to show any evidence which would support his contention in this regard. Plaintiff concedes that there is no evidence which would indicate collusion between the defendants to deny plaintiff fair representation during the processing of his grievance. Given the most favorable inferences, plaintiff's evidence established that plaintiff processed his grievance through the initial stages of the contractual grievance procedure; that plaintiff was actively aided by his union steward throughout those proceedings; that the union executive board did not consider the plaintiff's grievance meritorious, but offered to further discuss his complaint with him; and that plaintiff did not continue to pursue his remedies as provided by the grievance procedure because of a feeling of "frustration." In view of that evidence, this Court cannot find, as plaintiff urges, that plaintiff was improperly or wrongfully represented by his union in the grievance procedure.

Therefore, it is readily apparent from the evidence presented by the plaintiff and the nature of his allegations that this action must be characterized as a "minor" dispute within the meaning of 45 U.S.C. § 184. Thus there remains the question of whether plaintiff is precluded from suit in this Court by his failure to fully exhaust the grievance procedures established by the collective bargaining agreement and the statutory provisions of 45 U.S.C. § 184.

■ Generally, in cases to which federal law is applicable, federal labor policy requires that individual employees wishing to assert contract grievances must attempt the use of the grievance procedure established by the collective bargaining agreement. Republic Steel Corp. v. Maddox, 379 U.S. 650, 85 S.Ct. 614, 13 L.Ed.2d 580 (1965). See also: Neal v. System Board of Adjustment, 348 F.2d 722, 726 (8th Cir. 1965). Although this rule generally precludes suit in a federal court where there has been no exhaustion of the grievance proce-

dures provided by the agreement, certain exceptions to the general rule have been established where those procedures are "unsatisfactory or unworkable for the individual grievant." Vaca v. Sipes, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1966). One of those exceptions arises where "the union has the sole power under the contract to invoke the higher stages of the grievance procedure, *and* if * * * the employee-plaintiff has been prevented from exhausting his contractual remedies by the union's *wrongful* refusal to process the grievance." *Id.* at 185, 87 S.Ct. at 914. Another exception to the exhaustion requirement arises in those situations where "the effort to proceed formally with contractual or administrative remedies would be wholly futile." Glover v. St. Louis-San Francisco Railway Co., 393 U.S. 324, 330, 89 S.Ct. 548, 551, 21 L.Ed.2d 519 (1969). However, in the absence of facts which would demand application of one of the judicially-created exceptions, the statutory grievance procedure is a "mandatory, exclusive, and comprehensive system for resolving grievance disputes." Brotherhood of Locomotive Engineers v. Louisville and Nashville Ry. Co., 373 U.S. 33, 38, 83 S. Ct. 1059, 1062, 10 L.Ed.2d 172 (1962), and Slagley v. Illinois Central Railroad Co., 397 F.2d 546 (7th Cir. 1968).

■ Under the collective bargaining agreement alleged by the plaintiff in his amended complaint, defendant Trans World Airlines and defendant District 142 established a four-step procedure for presentation and adjustment of grievances arising with reference to the interpretation or application of that agreement. Article XII of that collective bargaining agreement established a System Board of Adjustment in compliance with 45 U.S.C. § 184. That board is comprised of a three-member board of referees; two of the referees are selected by the respective parties, and a third referee is, by the agreement of both parties, selected from a standing panel of five impartial referees. This three-

**736**

member board is required to hear any dispute submitted to it by the parties. Employees covered by the agreement may be represented by any such person or persons as they may choose, evidence may be presented, witnesses may be called, and any decision of the board is to be final and binding upon all parties.

In the present case, it is undisputed by the plaintiff that he did not attempt to utilize the remedies offered by the System Board of Adjustment, nor does it appear from plaintiff's evidence that he requested defendant District 142 to aid him in utilizing that grievance remedy. Rather, plaintiff's testimony and evidence indicated that upon receipt of the letter from the representative of the executive board of defendant District 142, plaintiff decided not to attempt further processing of his grievance through the established contractual channels. Although plaintiff points out that the members of the System Board of Adjustment are selected by the defendants, there is absolutely no evidence which support a finding that plaintiff could not have obtained a full and impartial hearing by that board. The fact that plaintiff merely thought that "we wouldn't gain anything by taking it to the System Board" constitutes a conclusory statement which does not present the exceptional circumstances of collusion or futility as contemplated by the teachings of Vaca v. Sipes, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842, or Glover v. St. Louis-San Francisco Ry. Co., 393 U.S. 324, 89 S.Ct. 548, 21 L.Ed.2d 519.

Accordingly, in view of plaintiff's failure to exhaust his exclusive remedies as provided by the collective bargaining agreement and the total absence of proof which would indicate that an attempt to exhaust those remedies would be futile, judgment is hereby granted in favor of defendants Trans World Airlines and District 142, International Association of Machinists and Aerospace Workers and against the plaintiff. Costs are to be borne equally by the parties.

It is so ordered.