**James P. RIDDLE, Plaintiff,**

v.

**TRANS WORLD AIRLINES, INC., Defendant.**

**No. 80–0813–CV–W–5.**

United States District Court, W. D. Missouri, W. D.

March 5, 1981.

John R. Phillips, James Conkright, Blackwell, Sanders, Matheny, Weary & Lombardi, Kansas City, Mo., for plaintiff.

Deborah Boody, Kansas City, Mo., for defendant.

## MEMORANDUM AND ORDER

SCOTT D. WRIGHT, District Judge.

Plaintiff has filed a civil action against Trans World Airlines, Inc. (TWA), alleging that TWA wrongfully terminated his employment in violation of a collective bargaining agreement. Count I of plaintiff's complaint arises under the Railway Labor Act, 45 U.S.C. § 151 *et seq.*, and alleges that TWA terminated plaintiff by indefinitely suspending him on May 9, 1980. Plaintiff filed a grievance challenging the suspension, but his union allegedly refused to process the grievance to the full extent authorized by the applicable bargaining agreement. Plaintiff, therefore, contends that his discharge, when combined with the union's breach of its duty of fair representation, deprived him of rights secured by the collective bargaining agreement. For his relief, plaintiff asks that the Court grant him damages for lost wages, an award of attorney's fees and reinstatement to his former job position. Count II of plaintiff's complaint also arises out of his termination and is a pendent state claim based on an alleged violation of the Missouri "service letter" statute. § 290.140 RSMo. Plaintiff alleges that the service letter provided him by TWA does not state the true cause for his discharge and he requests an award of both actual and punitive damages as recompense for TWA's violation of the service letter statute. This case now pends before the Court upon TWA's motion to dismiss.

Addressing first defendant's motion to dismiss Count II of plaintiff's complaint, the Court notes that TWA advances two grounds for dismissal of the service letter claim. First, because Count II simply alleges a pendent state claim, defendant submits that this claim must be dismissed if the Court determines that the federal claim set forth in Count I should be dismissed. *United ed Mine Workers v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966). Second, regardless of the Court's ruling on the first count of plaintiff's complaint, defendant maintains that Count II should be dismissed in view of Judge Collinson's recent opinion declaring the Missouri ser-

vice letter statute unconstitutional. *Rimmer v. Colt Industries Operating Corp.*, 495 F.Supp. 1217 (W.D.Mo.1980). *Rimmer* is currently on appeal before the United States Court of Appeals for the Eighth Circuit and, in accordance with the Court's treatment of similar motions based on the *Rimmer* decision, the Court will hold in abeyance its ruling to dismiss Count II on this ground until appellate consideration of *Rimmer* has concluded. Thus, if the second count of plaintiff's complaint is presently to be dismissed, it must be because Count I cannot survive a motion to dismiss and there is no independent federal jurisdictional basis for Count II.

■ Turning now to Count I of plaintiff's complaint, defendant requests that the Court dismiss plaintiff's case "pursuant to Rule 12(b)(2) and (6) of the Federal Rules of Civil Procedure on the grounds that the Court lacks jurisdiction and that the complaint fails to state a claim upon which relief can be granted." Defendant's reference to Rules 12(b)(2) and 12(b)(6) appears to be inappropriate. Under Fed.R.Civ.P. 12(b)(2) an action can be dismissed for lack of jurisdiction over the person, and Rule 12(b)(6) provides for dismissal of an action that fails to state a claim upon which relief can be granted. But review of the suggestions accompanying defendant's motion reveals that neither of these grounds for dismissal is relevant. Rather, defendant is challenging the Court's subject matter jurisdiction over this case. Fed.R.Civ.P. 12(b)(1). Nonetheless, the defendant's failure to state correctly the basis for its motion does not preclude the Court's consider-

ation of the motion. The courts "should treat an improperly identified motion that actually challenges the court's authority or competence to hear the action as if it properly raised the jurisdictional point." 5 Wright & Miller, *Federal Practice & Procedure* § 1350 at 546 (1969).

■ Defendant's jurisdictional argument is based on plaintiff's failure to exhaust specific administrative remedies prescribed by the Railway Labor Act and the relevant collective bargaining agreement. The Railway Labor Act (RLA) contains certain dispute resolution procedures which constitute "a unique form of compulsory arbitration," *Sensabaugh v. Railway Express Agency, Inc.*, 348 F.Supp. 1398, 1403 (W.D.Va.1972), and Congress has made these procedures explicitly applicable to labor disputes between airline employees and air carriers. 45 U.S.C. § 181. Generally speaking, under the RLA grievances relating to the interpretation or proper application of a particular provision of a collective bargaining agreement are "minor" disputes [1] that are within the primary and exclusive jurisdiction of a Systems Board of Adjustment.[2] Because the Board's jurisdiction is presumably exclusive, an aggrieved employee must ordinarily exhaust his remedies under the statutory grievance procedures before he may seek judicial review of his claim, and even then he is limited solely "to the judicial review of the Board's proceedings that the Act itself provides." *Andrews v. Louisville & Nashville R.R. Co.*, 406 U.S. 320, 325, 92 S.Ct. 1562, 1565, 32 L.Ed.2d 95 (1972).

---

1. A minor dispute "contemplates the existence of a collective agreement already concluded.... The dispute relates either to the meaning or proper application of a particular provision with reference to a specific situation...." *Elgin, Joliet & Eastern R.R. Co. v. Burley*, 325 U.S. 711, 723, 65 S.Ct. 1282, 1290, 89 L.Ed. 1886 (1945). *See also McBride v. Trans World Airlines, Inc.*, 312 F.Supp. 731, 734 (W.D.Mo. 1976).

2. "The intended function of the Systems Board of Adjustment is to resolve minor disputes, *i.e.*, disputes over the interpretation and application of existing contracts, as opposed to major dis-

putes, *i.e.*, those involving a negotiation of contracts or an alteration in them." *Transport Workers Union v. American Airlines, Inc.*, 413 F.2d 746, 748 (10th Cir. 1969). The characterization of plaintiff's claim as "major" or "minor" is significant because minor disputes are subject to the exclusive jurisdiction of the Adjustment Board, *United Transportation Union v. Burlington Northern, Inc.*, 458 F.2d 354, 356–57 (8th Cir. 1972), "whereas if a dispute is major, the court has power to enjoin changes to preserve the status quo...." *Goclowski v. Penn Central Transportation Co.*, 571 F.2d 747, 754 n.6 (3d Cir. 1977).

■ There is little doubt that plaintiff's present claim, although styled as an action for wrongful discharge or termination due to his indefinite suspension, is a minor dispute under the RLA. The Supreme Court has stated:

> The fact that petitioner characterizes his claim as one for "wrongful discharge" does not save it from the Act's mandatory provisions for the processing of grievances. . . . [T]he only source of petitioner's right not to be discharged, and therefore to treat an alleged discharge as a "wrongful" one that entitles him to damages, is the collective-bargaining agreement between the employer and the union. . . . Thus petitioner's claim and respondent's disallowance of it, stem from differing interpretations of the collective-bargaining agreement. . . . His claim is therefore subject to the Act's requirement that it be submitted to the Board for adjustment.

*Andrews v. Louisville & Nashville R.R. Co.,* supra, 406 U.S. at 323–24, 92 S.Ct. at 1565. *See also Goclowski v. Penn Central Transportation Co.,* 571 F.2d 747, 761 (3d Cir. 1977); *Ciaccio v. Eastern Air Lines, Inc.,* 354 F.Supp. 1272, 1274 (E.D.N.Y.1973).

In view of *Andrews* plaintiff cannot, and does not, seriously dispute that his claim for wrongful discharge is a minor dispute. Nor does plaintiff assert that he has exhausted his administrative remedies and is now entitled to judicial review of his grievance. Instead, plaintiff submits that he is not obligated to pursue his administrative remedies because his case falls within a judicially recognized exception to the exhaustion requirement. As plaintiff correctly points out, certain exceptions to the general rule requiring exhaustion of grievance procedures have been established.[3] One of the

principal exceptions, and the one here relied on by plaintiff, is the exception that permits direct court review of a complaint alleging a breach by the union of its duty of fair representation. *See, e.g., Glover v. St. Louis-San Francisco Ry. Co.,* 393 U.S. 324, 329, 89 S.Ct. 548, 551, 21 L.Ed.2d 519 (1969); *Schum v. South Buffalo Ry. Co.,* 496 F.2d 328, 332 (2d Cir. 1974). It is now well established that if a union wrongfully refuses to process an employee's grievance challenging his termination by the employer, the employee may bring a federal action against the union for breach of its duty of fair representation. *Vaca v. Sipes,* 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967). Arguably, however, in cases governed by the Railway Labor Act, the employee could be forced to pursue his wrongful discharge claim against the employer in a separate proceeding before the Board of Adjustment. But in *Glover v. St. Louis-San Francisco Ry. Co.,* supra, the Supreme Court rejected this notion, at least in the context of a case where the union and the employer allegedly have acted in concert to discriminate against the employee or the employer is in some way implicated in the union's alleged breach of duty. When the employer is made a party under these circumstances, the dispute in essence is one between the employee on one hand and the union and management on the other, 393 U.S. at 329, 89 S.Ct. at 551, and to require the employee to exhaust his administrative remedies would only "bifurcate, and needlessly proliferate, litigation." *Id.* at 331, 89 S.Ct. at 552 (Harlan, J., concurring). Thus, in *Glover* the Court ruled that an employee need not exhaust his administrative remedies if the employer is implicated in the union's breach of duty, and the federal courts may properly exercise jurisdiction over both the union and the employer.[4]

---

3. In *Glover v. St. Louis-San Francisco Ry. Co.,* 393 U.S. 324, 329–31, 89 S.Ct. 548, 551–52, 21 L.Ed.2d 519 (1969), the Supreme Court indicated that there are at least three situations in which an employee should be permitted to bring suit without first exhausting his administrative remedies: (1) when the employer repudiates the grievance procedures; (2) when the union breaches its duty of fair representation;

and (3) when resort to the grievance process would be wholly futile.

4. The Supreme Court has not yet determined whether an employee may bypass his administrative remedies, and sue jointly his union and his employer, if there are no allegations implicating the employer in the union's breach of duty. In *Czosek v. O'Mara,* 397 U.S. 25, 90 S.Ct. 770, 25 L.Ed.2d 21 (1979), the lower court

Under *Glover* it is clear that exhaustion is not mandatory when an employee names both his union and his employer as party defendants and alleges that the employer and the union acted together to deprive him of his right to fair representation. The problem in this case, however, is that plaintiff has not joined the union as a defendant and his complaint does not allege that the employer engaged in any concerted action with the union to bring about plaintiff's discharge. Plaintiff simply alleges that his termination was accompanied by the union's breach of its duty of fair representation. The critical question for the Court's determination, therefore, is whether the plaintiff, having made merely a colorable allegation of unfair representation by his union, may circumvent the exclusive jurisdiction of the Adjustment Board and bring suit directly against his employer despite his failure first to exhaust the grievance procedures set forth in the RLA. Although the Court has found no cases analyzing precisely this issue, a review of relevant case law leads the Court to believe that it lacks jurisdiction to entertain a wrongful discharge claim filed solely against an employer.

In reaching this conclusion, the Court relies primarily on the Eighth Circuit's decision in *Mavis v. Brotherhood of Railway, Airline and Steamship Clerks*, 585 F.2d 926 (8th Cir. 1978). The plaintiffs in *Mavis* brought their action under the RLA alleging that their union, acting in concert with their employer Burlington Northern, Inc., had breached its duty of fair representation. Count I of plaintiffs' complaint was based on the union's alleged breach of its

duty of fair representation, and Count II was a claim that the railroad and the union unlawfully conspired to breach their collective bargaining agreement. On the merits, the district court concluded that there was no evidence to support plaintiffs' contention that the union, either acting alone or acting in concert with the railroad, had breached its duty of fair representation and, accordingly, the court granted the union's motion for summary judgment. After entering judgment in favor of the union, the court further concluded that without the union in the case as a defendant, the court did not have subject matter jurisdiction over plaintiffs' claim against the employer.

On appeal the Eighth Circuit affirmed, quoting the following passage from the district court's unpublished opinion:

Count II of the complaint is a breach of contract claim against [Burlington Northern] and clearly falls within the primary jurisdiction of the Railroad Adjustment Board. *Jurisdiction over the railroad on such a claim would be dependent on the court's taking jurisdiction over the union* and on an analysis of whether the railroad should be a party in the suit in order to afford complete relief in one forum. Such considerations are obviously irrelevant here since [the union's motion for summary judgment] has been granted. *Id.* at 931 (citations omitted; emphasis added).

The court of appeals found the lower court's reasoning persuasive and stated:

We find ourselves in agreement with the conclusions reached by the district court on both phases of the case, and

---

dismissed a wrongful discharge suit filed by a group of employees against their employer because, although the union was named as a defendant and charged with breaching its duty of fair representation, plaintiffs had not alleged that the employer was in any way implicated in the union's discriminatory action. On appeal the union argued, *inter alia*, that the court erred in dismissing the action against the employer. The Supreme Court declined to review this decision, stating:

[S]ince neither the railroad nor the aggrieved employees sought review of the Court of Appeals' judgment, we have no occasion to

consider whether under federal law, which governs in cases like these, the employer may always be sued with the union when a single series of events gives rise to claims against the employer for breach of contract and against the union for breach of the duty of fair representation or whether, as the Court of Appeals held, when there are no allegations tying union and employer together, the union is suable in the District Court for breach of duty but resort must be had to the Adjustment Board for a remedy against the employer.

*Id.* at 29–30, 90 S.Ct. at 773–74.

there is nothing of substance that we can add to what Judge Larson had to say about the issues with which he was confronted. Thus, largely on the opinion of the district court, we affirm the actions of the district court in granting summary judgment in favor of the union and *in dismissing the complaint as against the Railroad when it was determined that the union would not remain in the case as a defendant.*

*Id.* at 931–32 (emphasis added). *Cf. Franklin v. Southern Pacific Transportation Co.,* 593 F.2d 899, 902 (9th Cir. 1979) (upon finding that union was entitled to summary judgment on plaintiff's action for breach of duty of fair representation, the district court had no jurisdiction over employee's wrongful discharge claim against employer covered by RLA).

*Mavis* appears to provide a dispositive answer to the question here under consideration. That is, in a lawsuit arising under the Railway Labor Act, the plaintiff, in order to bring suit directly against his employer without first exhausting his administrative remedies, must join the union as a party defendant and allege that the union and his employer acted together to deprive him of his right to fair representation. Hence, the union's presence in the case is essential to the Court's subject matter jurisdiction.[5] Further, as a practical matter, "[t]o prevail against either the company or the union, [the plaintiff] must not only show that [his] discharge was contrary to the contract but must also carry the burden of demonstrating breach of duty by the Union." *Hines v. Anchor Motor Freight, Inc.,* 424 U.S. 554, 570–71, 96 S.Ct. 1048, 1059, 47 L.Ed.2d 231 (1976). *Cf. King v. Space Carriers, Inc.,* 608 F.2d 283, 289 (8th Cir. 1979) (in order to sue employer for breach of collective bargaining agreement,

plaintiff must first show that union breached its duty of fair representation).

In the present case, although plaintiff has alleged that his union breached its duty of fair representation, he has not named the union as a defendant. As the Court's foregoing discussion indicates, without the union in the case, the Court lacks jurisdiction to consider plaintiff's suit against TWA for wrongful discharge. Consequently, plaintiff's complaint should be dismissed. The Supreme Court, however, has cautioned against summary dismissals in this context. As the Court noted in *Czosek v. O'Mara,* 397 U.S. 25, 27, 90 S.Ct. 770, 772, 25 L.Ed.2d 21 (1970), "'where the courts are called upon to fulfill their role as the primary guardians of the duty of fair representation,' complaints should be construed to avoid dismissals and the plaintiff at the very least 'should be given the opportunity to file supplemental pleadings unless it appears "beyond doubt" that he cannot state a good cause of action.'" In light of this mandate, plaintiff's case will be dismissed without prejudice so that plaintiff, if he desires, may file an amended complaint joining his union as a party defendant. Accordingly, it is hereby

ORDERED that defendant's motion to dismiss be, and is hereby, granted and plaintiff's complaint is dismissed without prejudice.

---

**5.** This conclusion also finds support in *Glover v. St. Louis-San Francisco Ry. Co.,* 393 U.S. 324, 89 S.Ct. 548, 21 L.Ed.2d 519 (1969). *Glover* basically holds that in cases arising under the Railway Labor Act, "the federal courts may grant railroad employees ancillary relief against an employer who aids and abets their union in breaching its duty of fair representation." *Id.* at 331, 89 S.Ct. at 552 (Harlan, J., concurring). If, as Justice Harlan indicated, the Court's power to grant an employee relief against his employer in a RLA case is ancillary to its power to grant the employee relief against his union for breaching its duty of fair representation, then clearly, the union must be a party to the action in order for the Court to grant any relief at all.