James RAMEY, Jr., II, Plaintiff,

v.

The CHESAPEAKE AND OHIO
RAILWAY COMPANY,
Defendant.

Civ. A. No. 81–3288.

United States District Court,
S.D. West Virginia,
Huntington Division.

Aug. 29, 1983.

James Ramey Jr. II, pro se.

William C. Beatty, Huddleston, Bolen,
Beatty, Porter & Copen, Huntington,
W.Va., for defendant.

MEMORANDUM OPINION
AND ORDER

HADEN, Chief Judge.

The Plaintiff brings this action against
the Chesapeake and Ohio Railway Compa-
ny [C & O] seeking to recover monetary
damages for his alleged wrongful dis-
charge. Currently pending before the
Court is the Defendant's motion for sum-
mary judgment, pursuant to *Rule* 56(b),
Federal Rules of Civil Procedure. After
having thoroughly considered the parties'
submissions in support of their respective
positions, the Court hereby grants the
aforementioned motion for the reasons set
out below.

I. *Factual Background*

By letter dated October 23, 1979, the
Plaintiff was discharged from his employ-
ment with the C & O for having operated a
ballast regulator on a "live track" on Au-
gust 6, 1979, notwithstanding a supervi-
sor's admonition to the contrary. At all
times relevant hereto, the C & O was a rail
carrier subject to the provisions of the In-
terstate Commerce Act, 49 U.S.C. § 10101,
*et seq.*, and the Railway Labor Act, 45
U.S.C. § 151, *et seq.* [the Act], while the
Plaintiff was a member of the Brotherhood
of Maintenance of Way Employees [Broth-
erhood]. Pursuant to Rule 21 of the collec-
tive bargaining agreement which was then
in force between it and the Brotherhood,
the C & O scheduled a timely disciplinary
hearing for August 20, 1979. At the
Brotherhood's request, the August 20 hear-
ing was postponed and a disciplinary hear-
ing was eventually convened on October 4,
1979.[1] After he was notified of his dis-
charge on October 23, 1979, the Plaintiff

---

1. The Court has disregarded the Plaintiff's alle-
gations concerning his perceived "due process"
violations with respect to the October 4, 1979,
disciplinary hearing, inasmuch as the " 'federal
courts are not the guarantor of any rights of
either labor or management at the initial hear-
ing, either by force of the Constitution or Rail-
way Labor Act....' " *Dorsey v. Chesapeake and
Ohio Ry. Co.,* 476 F.2d 243, 245 (4th Cir.1973),
*quoting Edwards v. St. Louis-San Francisco Rail-
road Co.,* 361 F.2d 946, 954 (7th Cir.1966).

exhausted his internal appeals under Rule 21(d) of the Collective Bargaining agreement and subsequently filed a wrongful discharge claim with the Third Division of the National Railroad Adjustment Board [the Board], pursuant to Rule 21(h)(1)(C) of the agreement. On August 27, 1982, the Board upheld the Plaintiff's discharge. Prior to the issuance of the Board's decision, however, the Plaintiff instituted this action on September 24, 1981.

## II. *Subject Matter Jurisdiction*

In affirming the district court's order granting the Defendant's motion for summary judgment in a similar wrongful discharge action, the Fourth Circuit stated:

" 'A party who has litigated an issue before the Adjustment Board on the merits may not relitigate that issue in an independent judicial proceeding.' ... Since the dispute in this case was taken to the NRAB, we believe that the Railway Company could have properly defended the instant action on the grounds that an award of the NRAB would be final and could not be collaterally attacked because of 45 U.S.C. § 153, First (m) in an independent proceeding.... Such an award could be judicially reviewed only under § 153 First (q).... "

*Dorsey v. Chesapeake and Ohio Ry. Co.*, 476 F.2d 243, 245 (4th Cir.1973), *quoting Andrews v. Louisville & Nashville Railroad Co.*, 406 U.S. 320, 325, 92 S.Ct. 1562, 1565, 32 L.Ed.2d 95 (1972). *See also Radin v. U.S.*, 699 F.2d 681 (4th Cir.1983) (holding that a discharged employee may not maintain an action for monetary damages

against the United States for the NARB's alleged deprivation of his right to due process).[2]

The Supreme Court has carved out an exception to the Board's exclusive jurisdiction over the merits of a wrongful discharge claim, however, where the employee alleges that his union, in breach of its duty of fair representation, engaged in concerted action with the employer to either bring about or sustain his discharge. *See Glover v. St. Louis-San Francisco Ry. Co.*, 393 U.S. 324, 89 S.Ct. 548, 21 L.Ed.2d 519 (1969). *Cf., Harrison v. United Transportation Union*, 530 F.2d 558 (4th Cir.1975) *cert. denied* 425 U.S. 958, 96 S.Ct. 1739, 48 L.Ed.2d 203 (1976). In this regard, the Court notes that the Plaintiff has alleged that his union representative delayed the grievance procedures so as to enable the Defendant to better organize its case against him.[3] The issue before the Court, therefore, is whether the Plaintiff, by having made this implicit allegation of unfair representation, can collaterally attack the Board's adverse decision upholding his discharge, notwithstanding the fact that he has not joined the Brotherhood as a Defendant in this action.

In *Riddle v. Trans-World Airlines, Inc.*, 512 F.Supp. 75 (W.D.Ark.1981), a discharged employee brought an action against his employer without either exhausting his administrative remedies under the Act, or joining his union as a defendant and alleging that the union and his employer acted in concert to deprive him of his

---

**2.** "Section 153 First (i) of the Act provides that minor disputes, growing out of grievances or contract interpretation, that cannot be resolved by intra-company negotiation under the Collective Bargaining Agreement shall be referred to the National Railroad Adjustment Board (NRAB), or one of its regional boards, for arbitration. The provision for arbitration is not a voluntary undertaking, but rather is compelled by the Act; a discharge grievance is a minor dispute that must be referred to the NRAB for arbitration, and this is the exclusive means by which a railroad employee can directly challenge the validity of his discharge. *Andrews v. Louisville & Nashville R.R.*, 406 U.S. 320, 92 S.Ct. 1562, 32 L.Ed.2d 95 ... (1972). The award of the

NRAB is final and binding, § 153 First (m), but is subject to review in the district court if an employee or carrier is 'aggrieved by the failure of ... the Adjustment Board to make an award ... or is aggrieved by any of the terms of an award of by the failure ... to include certain terms in such award....' Section 153 First (q). The party seeking review of an award must file the action within two years after the cause of action accrues under the award of the NRAB. Section 153 First (r)."
*Radin v. U.S., supra*, at 683–84.

**3.** *See,* Plaintiff's amended complaint at ¶ XII.

right to fair representation. In granting the employer's motion to dismiss, the court determined that its "power to grant an employee relief against his employer in a RLA case is ancillary to its power to grant the employee relief against his union for breaching its duty of fair representation" [4] and, accordingly, held that it did not have subject matter jurisdiction, by virtue of the union's absence from the case. *Id.* at 80, *citing Mavis v. Brotherhood of Railway, Airline and Steamship Clerks,* 585 F.2d 926 (8th Cir.1978).

Even assuming that the pro se Plaintiff at bar is alleging that he was deprived of his right to fair representation by virtue of his employer's and union's concerted action, the Court nonetheless finds that it does not have subject matter jurisdiction to adjudicate his wrongful discharge claim against his employer, inasmuch as he has not joined the union as a Defendant in this action. *Riddle v. Trans-World Airlines, Inc., supra.* [5] Accordingly, the Court hereby grants the Defendant's motion for summary judgment and directs the Clerk to remove this action from the Court's docket.[6]

---

4. *Riddle v. Trans-World Airlines, Inc., supra,* at 80 n. 5.

5. The fact that the Plaintiff at bar has presented his wrongful discharge claim to the Board does not provide a basis for distinguishing *Riddle,* inasmuch as the Fourth Circuit has recognized that the term "'exhaustion of remedies' is a misnomer because the federal administrative remedy is exclusive and does not allow post-exhaustion actions in another forum...." *Radin v. U.S., supra,* at 683 n. 5.

6. In dismissing this action for monetary damages, which the Court finds to be nothing more than an impermissible collateral attack of the Board's decision of August 27, 1982, which upheld the Plaintiff's discharge, the Court is not expressing any views on the merits of any timely petition for judicial review of the Board's adverse decision which might be forthcoming from the Plaintiff, pursuant to 45 U.S.C. § 153 First (q), (r). *Cf., Radin v. U.S., supra,* at 684; *Gatlin v. Missouri Pacific Railroad Company,* 631 F.2d 551 (8th Cir.1980).