**Ewing W. GRAHAM, Plaintiff,**

**v.**

**TRANS WORLD AIRLINES, INC., Defendant.**

No. 87-6131-CV-SJ-8.

United States District Court,
W.D. Missouri,
St. Joseph Division.

June 21, 1988.

Kelly L. McClelland, Michael S. Shipley, Liberty, Mo., for plaintiff.

Paul E. Donnelly, Richard L. Connors, Stinson, Mag & Fizzell, Kansas City, Mo., Michael A. Katz, Asst. Gen. Counsel, Trans World Airlines, New York City, for defendant.

## ORDER

STEVENS, District Judge.

Plaintiff brought suit against his employer alleging that it breached his employment contract by allowing him only four weeks of vacation rather than the seven weeks of vacation to which he believed he was entitled. The case is currently before the court on defendant's motion to dismiss the complaint for failure to state a claim upon which relief can be granted or, in the alternative, for lack of subject matter jurisdiction. In addition, plaintiff has filed a motion for summary judgment.

The parties agree on the relevant facts. On December 31, 1985 plaintiff had accrued over thirty years of active service with TWA. Defendant's Responses to Plaintiff's First Request for Admissions No. 1 (hereinafter Admissions). Between December 31, 1985 and December 28, 1986 plaintiff worked for TWA in a salaried, management position. Admission No. 17. On December 29, 1986 plaintiff asked to be transferred to a non-management position, pursuant to seniority rights plaintiff had gained during his previous membership in The International Association of Machinists and Aerospace Workers Union (IAM). Non-management employees are paid on an hourly basis. TWA granted the transfer and plaintiff has been employed in a non-management position since that date.

Although never explicitly stated, the parties apparently agree that plaintiff's request for the transfer was made in response to a change in TWA's vacation poli-

cy. Before 1986 both management and non-management employees earned vacation time at the same rate. An employee in either category who had over thirty years of service was entitled to thirty-five vacation days per year, an equivalent of seven weeks of vacation. In 1986, however, defendant changed its vacation policy and announced that management employees would be allowed to accrue only twenty days, or four weeks, of vacation per year. As a result, plaintiff exercised his right to transfer to a non-management position so that he would be allowed to take thirty-five days of vacation per year.

Plaintiff contends that his vacation allowance for 1987 was governed by the TWA–IAM Collective Bargaining Agreement (Agreement). Article XVI(b)(1) of this Agreement provides that the vacation year runs from January 1 to December 31. The Agreement further provides that "vacation allowance will accrue during each calendar month for which an employee receives pay for eighty-five (85) or more straight time hours from the company, whether he is working or is on sick leave or vacation." Article XVI(c). Plaintiff argues that under the provisions of Article XVI(b)(2) he was entitled to thirty-five days of vacation in calendar year 1987. Defendant disputes this interpretation of the Agreement, arguing that an employee's vacation entitlement in any given year is based on "work activity during the year prior to the year in which vacation is to be taken...." Affidavit of James R. Cato, Staff Vice President/Labor Relations at TWA, ¶ 6. In other words, TWA relies on the fact that in 1986, the year prior to plaintiff's requested 1987 vacation, plaintiff was a salaried, management employee who did not accrue any hourly pay. As a result, TWA believes plaintiff was entitled to only four weeks of vacation in 1987.

Pursuant to the union's collective bargaining agreement with TWA, the union filed a first step grievance on plaintiff's behalf after he was notified that he would not be allowed seven weeks of vacation in 1987. The union filed a second step grievance after the first step grievance was denied. A hearing was scheduled on the second step grievance but was later cancelled at the union's request. The union has not taken any further action on plaintiff's behalf. In his complaint plaintiff alleges that the union's failure to pursue his grievance was unreasonable, arbitrary and constituted a breach of the union's duty of fair representation. First Amended Complaint at ¶¶ 23–25. Plaintiff seeks relief only against TWA for breach of the collective bargaining agreement and not against the union for the alleged breach of the duty of fair representation.[1]

Defendant's motion to dismiss is based on plaintiff's failure to include the union as a defendant in this case. Specifically, defendant argues that this court lacks subject matter jurisdiction over plaintiff's complaint because he has failed to exhaust his administrative remedies as required by the Railway Labor Act, 45 U.S.C. § 151 *et seq.* (hereinafter RLA) and because he has not proven that he falls within an exception to the general exhaustion rule.[2] Thus, the main thrust of defendant's argument is that this court lacks jurisdiction over plaintiff's complaint because plaintiff has not proven that the union breached its duty of fair representation and because the union is not a party to this suit.

Labor disputes between an airline employee and the airline are governed by the provisions of the Railway Labor Act, 45 U.S.C. § 181. Under the RLA a bargaining representative, such as the union here, has "the duty to exercise fairly the power conferred upon it on behalf of all those for whom it acts...." *Steele v. Louisville &*

---

1. Plaintiff's original complaint included the international, district and local union as party defendants. The court notes that, like defendant, it is puzzled by the fact that plaintiff chose to abandon that complaint and file the amended complaint omitting the union as a party defendant. *See infra* at 1391–92.

2. The parties agree that the applicable exception would be the one stating that an individual bringing suit against his employer does not need to exhaust the administrative process if he also alleges that the union breached its duty of fair representation.

*Nashville Railroad Co.*, 323 U.S. 192, 203, 65 S.Ct. 226, 232, 89 L.Ed. 173 (1944). Once a labor union assumes this duty "it cannot rightly refuse to perform the duty, which is inseparable from the power of representation conferred upon it, to represent the entire membership of the craft." *Id.* at 204, 65 S.Ct. at 233. Thus, under the provisions of the RLA a union has the duty to represent a member in grievance and arbitration procedures.[3]

The Supreme Court has held that "the notion that the grievance and arbitration procedures provided for minor disputes in the Railway Labor Act are optional, to be availed of as the employee or the carrier chooses, was never good history and is no longer good law." *Andrews v. Louisville & Nashville Railway Co.*, 406 U.S. 320, 322, 92 S.Ct. 1562, 1564, 32 L.Ed.2d 95 (1972) (overruling *Moore v. Illinois Central Railway Co.*, 312 U.S. 630, 61 S.Ct. 754, 85 L.Ed. 1089 (1941)). Despite this general rule requiring exhaustion of administrative procedures, the Court has found that in certain situations exhaustion is not necessary. For example, an employee bringing suit under the RLA need not fully exhaust his contractual remedies if the effort "would be wholly futile." *Glover v. St. Louis–San Francisco Railway Co.*, 393 U.S. 324, 330, 89 S.Ct. 548, 551, 21 L.Ed.2d 519 (1969).[4] Similarly, and more relevant to the present case, "a suit against the union for breach of its duty of fair representation is not within the jurisdiction of a National Railroad Adjustment Board or subject to the ordinary rule that administrative remedies should be exhausted before resort to the courts." *Czosek v. O'Mara*, 397 U.S. 25, 28, 90 S.Ct. 770, 772, 25 L.Ed.2d 21 (1970). *See also Stanton v. Delta Airlines*, 669 F.2d 833, 836 (1st Cir. 1982) (exception exists when a question exists as to whether a union has represented an employee properly); *Brown v. Trans World Airlines, Inc.*, 746 F.2d 1354, 1357

(8th Cir.1984) (exception exists to general rule requiring exhaustion when an employee alleges collusion between the union and the employer).

Thus, the question which this court must answer is whether plaintiff's complaint falls within the exception for employees alleging that the union breached its duty of fair representation, even though the union is not a defendant in this suit. While it is clear that "a district court has jurisdiction over a suit brought by an employee against a union for breach of the duty of fair representation," the court does not usually have jurisdiction over a claim by an employee against the employer because that claim would generally fall within the mandatory arbitration provisions of the RLA. *Hunt v. Missouri Pacific Railroad*, 729 F.2d 578, 580 (8th Cir.1984).

■ As a result, it appears that federal courts have subject matter jurisdiction over suits against employers only when suit is brought against both the employer and the union, usually under a theory of collusion. *Glover*, 393 U.S. at 331, 89 S.Ct. at 552. In *Glover*, the Supreme Court held that when a plaintiff alleges that bargaining representatives of the union are acting in concert with the employers "insistence that petitioner[ ] exhaust the remedies administered by the union and the [employer] would only serve the deprivation of rights to which [plaintiff] according to [his] allegations [is] justly and legally entitled." *Id.* See also *Brown*, 746 F.2d at 1357; *Raus v. Brotherhood Railway Carmen of the United States and Canada*, 663 F.2d 791, 797–98 (8th Cir.1981) ("The most critical factor in determining whether the court has jurisdiction over the [employer] is whether the suit is essentially a suit between 'some employees on the one hand and the union and management *together* on the other.'") (emphasis in original) (quot-

---

3. Both parties agree that the question of how much vacation time plaintiff should be given constitutes a minor dispute under the RLA and, consequently, is subject to the grievance and arbitration procedures specified in the Act.

4. The court relied on *Vaca v. Sipes*, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967), in making this decision. The *Vaca* decision considered a dispute governed by the National Labor Relations Act (NLRA) rather than the RLA. *See, infra,* at 1391 for a more thorough discussion on the differences between these two Acts.

**1390**

ing *Glover*, 393 U.S. at 329, 89 S.Ct. at 551).

The collusion exception does not apply in the present case since plaintiff has alleged only that the union breached its duty of fair representation and not that the union and TWA acted in collusion against him. Plaintiff argues, however, that allegations of collusion are not necessary for the exception to be applicable. In making this argument plaintiff relies heavily on the Supreme Court's decisions in *Vaca v. Sipes*, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967), *Hines v. Anchor Motor Freight, Inc.*, 424 U.S. 554, 96 S.Ct. 1048, 47 L.Ed.2d 231 (1976), and *DelCostello v. International Brotherhood of Teamsters*, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983). Although the court will discuss each of these cases, it should first be noted that, unlike the present case, each of these cases was decided under the National Labor Relations Act (NLRA) and not the RLA.

Plaintiff in *Vaca* brought suit against union officials for breach of the duty of fair representation. The Court noted that while the National Labor Relations Board generally had exclusive jurisdiction over suits brought under the NLRA, exhaustion was not required in all situations. 386 U.S. at 185, 87 S.Ct. at 914. Specifically, the court held that an employee should not be limited to the provisions of the NLRA when "the union has sole power under the contract to invoke the higher stages of the grievance procedure, and if, as is alleged here, the employee-plaintiff has been prevented from exhausting his contractual remedies by the union's wrongful refusal to process the grievance." *Id.* (emphasis omitted). Thus, the court held that "the wrongfully discharged employee may bring an action against his employer in the face of a defense based upon the failure to exhaust contractual remedies, provided the employee can prove that the union as bargaining agent breached its duty of fair

representation in its handling of the employee's grievance." *Id.* at 186, 87 S.Ct. at 914 (footnote omitted).

The Court reached a similar decision in *Hines*, finding that Congress could not have intended a statute to foreclose an employee from "his § 301[5] remedy otherwise available against the employer if the contractual processes have been seriously flawed by the union's breach of its duty to represent employees honestly and in good faith and without invidious discrimination or arbitrary conduct." 424 U.S. at 570, 96 S.Ct. at 914. The Court added that an employee bringing suit against "either the company or the Union"[6] [must prove] "not only ... that [his] discharge was contrary to the contract" but also that the union breached its duty. *Id.*

Finally, in *DelCostello* the court found that while "[t]he employee may, if he chooses, sue one defendant and not the other ... the case he must prove is the same whether he sued one, the other, or both." 462 U.S. at 165, 103 S.Ct. at 2291. Thus, plaintiff argues that so long as he proves that the union breached its duty of fair representation he may choose to sue only the employer.

As a result, plaintiff believes that this court has jurisdiction of his case because he has alleged a breach of the duty of fair representation and he need not exhaust the administrative process as to the employer. There are two problems with this argument, however. First, while plaintiff has alleged a breach of the duty of fair representation, he has presented no facts to substantiate this allegation. Second, plaintiff's argument is premised on *Vaca, Hines,* and *DelCostello*, cases brought under the NLRA and not the RLA. The court will discuss each of these problems individually.

■ A union breaches its duty of fair representation if it fails "to exercise its

**5.** Section 301 refers to the applicable section of the NLRA.

**6.** Plaintiff in *Hines* sued both the employer and the union. It is not clear from the language here if the Court intended the use of "either the company or the Union," to mean that an employee could sue one or the other or if the Court was merely stating the requirements for prevailing against either of the two parties in that particular suit.

discretion with complete good faith and honesty...." *Vaca*, 386 U.S. at 177, 87 S.Ct. at 910. Thus, a breach occurs in situations where "a union's conduct is arbitrary, discriminatory, or in bad faith." *Morgan v. St. Joseph Terminal Railroad Co.*, 815 F.2d 1232, 1234 (8th Cir.1987), *cert. denied,* —— U.S. ——, 108 S.Ct. 141, 98 L.Ed.2d 98 (1987) (quoting *Smegal v. Gateway Food, Inc.*, 763 F.2d 354, 359 (8th Cir.1985)). "A union's conduct may be arbitrary 'even though it acted within good faith and without any hostile motive.'" *Id.* In other words, "[t]o show that the union acted in a perfunctory manner, there must be evidence that the union acted without concern or solicitude, or gave plaintiff's grievance only cursory attention." *Brown*, 746 F.2d at 1357. Plaintiff in the present case has not met this burden. In an affidavit submitted in support of his motion for summary judgment plaintiff states merely that he believes he was entitled to seven weeks of vacation and that the union refused to pursue his grievance past the step one proceedings. The Eighth Circuit has found that allegations such as these, unsupported by facts, do not prove a breach of the duty of fair representation.

For example, in *Hellums v. Quaker Oats Co.*, 760 F.2d 202 (8th Cir.1985) the court found that while a union was negligent in its investigation of a grievance, "mere negligence does not rise to the level of a breach of the duty of fair representation." *Id.* at 206. Even if the court were to infer from plaintiff's complaint that the union was negligent in failing to pursue the grievance, plaintiff would not have proven a breach of the duty. In a situation where plaintiff merely states that a breach has occurred but does not support this statement with any specific showing of lack of good faith, plaintiff has not proven a breach. *Cf. Brown*, 746 F.2d at 1359 (mere claim that employee should have won grievance "does not show that Union's handling of his grievance was perfunctory, arbitrary, discriminatory or in bad faith."). Thus, even if this court were to find that *Vaca, Hines,* and *DelCostello* controlled this case, plaintiff has failed to meet the requirements necessary for the exception to be applicable since he has not established that a breach of the duty of fair representation occurred.

■ Even assuming, *arguendo,* that plaintiff has proven a breach of the duty of fair representation the court is not convinced that plaintiff's complaint could withstand defendant's motion to dismiss. As noted earlier, plaintiff relies on cases brought under the NLRA. Plaintiff's complaint, however, falls under the dictates of the RLA. As federal courts have often noted, "[i]t is by now almost axiomatic that NLRA and RLA cases are not freely interchangeable, as the two statutes have distinctly different histories and different approaches to the problem of labor/management relations." *Railway Labor Executives' Assoc. v. Pittsburgh & Lake Erie Railroad Co.*, 845 F.2d 420, 429 (3d Cir. 1988). *See also Brotherhood of Railroad Trainmen v. Jacksonville Terminal Co.*, 394 U.S. 369, 383, 89 S.Ct. 1109, 1118, 22 L.Ed.2d 344 (1969) ("It should be emphasized from the outset, however, that the National Labor Relations Act cannot be imported wholesale into the railway labor arena."). Thus, the mere fact that a specific exception to the general exhaustion requirement exists under the NLRA is not dispositive on the question of whether the same exception exists under the RLA. Indeed, courts considering the question of whether an employee may bring suit in federal court against only the employer, while alleging a breach of the union's duty, have found that the employee must exhaust his administrative remedies before bringing suit in federal court.

In a situation virtually identical to that presented here, the United States District Court for the Western District of Missouri has held that an individual bringing suit pursuant to the RLA may not circumvent the procedures established under the Act even if he makes a colorable allegation of breach of the duty of fair representation. *Riddle v. Trans World Airlines, Inc.*, 512 F.Supp. 75 (W.D.Mo.1981). Plaintiff in *Riddle* brought suit against TWA for wrongful termination of his employment in violation of the collective bargaining agree-

ment. While his complaint alleged that the union breached its duty of fair representation by failing to process the grievance to the full extent possible, the employer was the only defendant. *Id.* at 76. The court noted that it might have jurisdiction if collusion had been alleged, but found that

in a lawsuit arising under the Railway Labor Act, the plaintiff, in order to bring suit directly against his employer without first exhausting his administrative remedies, must join the union as a party defendant and allege that the union and his employer acted together to deprive him of his right to fair representation. Hence, the union's presence in the case is essential to the court's subject matter jurisdiction.

*Id.* at 80. *See also Ramey v. Chesapeake and Ohio Railway Co.,* 621 F.Supp. 1, 2–3 (S.D.W.Va.1983) (relies on *Riddle* in holding that court does not have subject matter jurisdiction over case for wrongful discharge when union has not been joined as a defendant). *But see Montgomery v. National Railroad Passenger Corp.,* 619 F.Supp. 1393, 1398 n. 5 (D.Conn.1985) (court suggests in dicta that employee bringing suit under RLA may be able to bring suit against only the employer so long as the complaint includes allegations of the union's breach of the duty of fair representation).

In reaching this decision, the *Riddle* court relied on the Eighth Circuit's decision in *Mavis v. Brotherhood of Railway, Airline and Steamship Clerks,* 585 F.2d 926 (8th Cir.1978). Plaintiffs in *Mavis* brought suit under the RLA against both the union and the employer. The district court in *Mavis* found that plaintiffs did not prove a breach of the duty of fair representation against the union and granted the union's motion for summary judgment. The district court then noted that its jurisdiction over the employer was "dependent on the court's taking jurisdiction over the union" and dismissed the claim against the employer. The Eighth Circuit affirmed. *Id.* at 931–32.

This court echos the view expressed by the courts' decisions in *Mavis* and *Riddle*

and finds that an employee bringing suit against an employer must join the union as a defendant in order to establish federal court jurisdiction. In reaching this decision, the court rejects plaintiff's argument that cases brought under the NLRA such as *Vaca, Hines,* and *DelCostello,* control suits brought under the RLA. Accordingly, it is

ORDERED that defendant's motion to dismiss is granted without prejudice to plaintiff's filing, if he desires, an amended complaint joining the union as a defendant.