## (June 27, 1977)

■ JULIO J. ANSELMO et al., Appellants, v BUSH UNIVERSAL, INC., Respondent.—In an action to recover damages for breach of a collective bargaining agreement, plaintiffs appeal from a judgment of the Supreme Court, Kings County, entered October 31, 1975, which dismissed the complaint. Judgment affirmed, with costs. In our opinion, the dispute herein, involving the interpretation of a collective bargaining agreement, is solely under the jurisdiction of the National Railroad Adjustment Board (US Code, tit 45, § 153, subd [i]; see, *Andrews v Louisville & Nashville R. R. Co.,* 406 US 320; *O'Mara v Erie Lackawanna R. R. Co.,* 407 F2d 674, affd *sub nom. Czosek v O'Mara,* 397 US 25). We note that appellants, in their complaint, allege that the dispute arose under the Railway Labor Act; thus they should be estopped from asserting, for the first time on this appeal, that the action is one based solely upon contract principles. The fact that the respondent is not an actual party to the agreement does not change the result. As the alleged guarantor of the defunct railroad's agreement with appellants, it now stands in the shoes of the railroad. The case of *Czosek v O'Mara* (397 US 25, *supra*), relied upon by appellants, is inapposite. There, the employees sued the union for breach of the latter's duty of fair representation. In no way did it involve, as does the present action, the interpretation of a collective bargaining agreement. Accordingly, Trial Term was correct in finding that it lacked jurisdiction and in dismissing the complaint. In view of the foregoing conclusion, it is unnecessary for us to discuss the other points raised by appellants. However, we do note that the procedure adopted

by the trial court did not deprive appellants of a fair trial. Hopkins, J. P., Margett, Shapiro and Suozzi, JJ., concur.