■ KEVIN COOYAR, Respondent, v TOWER AIR, INC., Appellant.—In an action to recover damages for wrongful discharge and breach of an employment contract, the defendant appeals from an order of the Supreme Court, Queens County (Leviss, J.), dated August 14, 1989, which denied its motion for summary judgment.

Ordered that the order is reversed, on the law, with costs, the defendant's motion is granted, and the complaint is dismissed.

The plaintiff, a pilot hired by the defendant carrier subject to the provisions of the Railway Labor Act (45 USC § 151 *et seq.; see,* 45 USC §§ 181, 182), contends he was discharged in violation of grievance procedures set forth in the "Cockpit Flight Crew Policy Manual". The plaintiff, who conceded that the manual is applicable only to employees who have successfully served a probationary term of employment, contends that the manual is in fact a collective bargaining agreement. The defendant, which contends that the plaintiff was at the time of his discharge a probationary employee and therefore dischargeable without cause, sought summary judgment dismissing the complaint. The Supreme Court denied the motion, ruling, *inter alia,* that questions of fact existed as to the plaintiff's status.

Apart from the fact that the plaintiff failed to seek redress through the grievance procedures set forth in the manual on which he relies, we note that, if he is a probationary em-

ployee, he possesses no cognizable cause of action *(cf., Sabetay v Sterling Drugs,* 69 NY2d 329; *Murphy v American Home Prods. Corp.,* 58 NY2d 293; *Weiner v McGraw-Hill, Inc.,* 57 NY2d 458). If, as he contends, he successfully completed his probationary period, the dispute between the parties concerns the interpretation of an alleged collective bargaining agreement, over which the Supreme Court had no subject matter jurisdiction *(see,* 45 USC § 153; *Andrews v Louisville & Nashville R. R. Co.,* 406 US 320, overruling *Transcontinental & W. Air v Koppal,* 345 US 653; *see also, Atchison Topeka & Santa Fe Ry. v Buell,* 480 US 557; *Anselmo v Bush Universal,* 58 AD2d 635). Kooper, J. P., Lawrence, Harwood and Miller, JJ., concur.